IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELWARE

| | |
|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD. and H. LUNDBECK A/S, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 25-188-JLH |
| ALVOGEN, INC. and ALMAJECT, INC., | ) ) ) |
| Defendants. | ) |

## PLAINTIFFS' ANSWER TO ALVOGEN, INC.'S COUNTERCLAIMS

Plaintiffs/Counterclaim Defendants Otsuka Pharmaceutical Co., Ltd. ("Otsuka") and H. Lundbeck A/S ("Lundbeck") (collectively, "Plaintiffs"), in response to the counterclaims of Defendant Alvogen, Inc. ("Alvogen") filed on July 7, 2025 (D.I. 16) ("Alvogen's counterclaims"), hereby answer as follows:

To the extent not specifically admitted herein, the allegations of Alvogen's counterclaims are denied. Plaintiffs have not repeated and do not adopt the headings in Alvogen's counterclaims. While Plaintiffs do not believe any response to those headings is necessary, Plaintiffs specifically deny any allegations of non-infringement, invalidity or unenforceability implied by them.

1.      Plaintiffs admit that Alvogen is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 44 Whippany Road, Suite 300, Morristown, New Jersey 07960.

2.      Plaintiffs admit the allegations of paragraph 2 of Alvogen's counterclaims.

3.      Plaintiffs admit the allegations of paragraph 3 of Alvogen's counterclaims.

4.      Plaintiffs admit that Otsuka has granted Lundbeck a license to U.S. Patent Nos. 10,525,057 ("the '057 patent"), 10,980,803 ("the '803 patent"), 11,154,553 ("the '553 patent"),

11,344,547 ("the '547 patent"), 11,400,087 ("the '087 patent") and 11,648,347 ("the '347 patent") (collectively, "patents in suit").

5.    Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 5 of Alvogen's counterclaims.

6.    Plaintiffs admit that Alvogen purports to state counterclaims pursuant to the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 6 of Alvogen's counterclaims.

7.    Plaintiffs admit that this Court has subject matter jurisdiction over Alvogen's counterclaims under 28 U.S.C. §§ 1331 and 1338(a), but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 7 of Alvogen's counterclaims.

8.    Plaintiffs admit that this Court has subject matter jurisdiction over Alvogen's counterclaims under 28 U.S.C. §§ 1331 and 1338(a), and that there is an actual controversy between Plaintiffs and Alvogen regarding infringement of the claims of the patents in suit, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 8 of Alvogen's counterclaims.

9.    Plaintiffs do not contest that this Court has personal jurisdiction over Plaintiffs for the purposes of Alvogen's counterclaims in this action, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 9 of Alvogen's counterclaims.

10.    Plaintiffs admit that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) for purposes of Alvogen's counterclaims in this case, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 10 of Alvogen's counterclaims.

11.     The allegations of paragraph 11 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that they have alleged in their Complaint against Alvogen and Almaject, Inc. ("Almaject") (collectively "Defendants") in this action that Otsuka owns the patents in suit and that Otsuka has granted Lundbeck a license to the patents in suit.

12.     Plaintiffs admit that Otsuka is the holder of New Drug Application ("NDA") No. 202971 for ABILIFY MAINTENA® (aripiprazole for extended-release injectable suspension) in strengths of 300 mg and 400 mg vials ("Otsuka NDA Products"), but deny any remaining allegations of paragraph 12 of Alvogen's counterclaims.

13.     Plaintiffs admit that the patents in suit are listed in Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") in connection with Otsuka NDA Products, but deny any remaining allegations of paragraph 13 of Alvogen's counterclaims.

14.     Plaintiffs admit Defendants have submitted Abbreviated New Drug Application ("ANDA") No. 216913 to the United States Food & Drug Administration ("FDA") seeking approval for their extended-release injectable aripiprazole suspension, 300 mg/vial and 400 mg/vial ("Defendants' Proposed Products").

15.     The allegations of paragraph 15 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit Otsuka received a letter sent by Defendants, dated January 3, 2025, purporting to be a "Notification Pursuant to Section 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act for ANDA No. 216913," ("Defendants' Notice Letter").  Plaintiffs otherwise deny the allegations of paragraph 15 of Alvogen's counterclaims.

16.     The allegations of paragraph 16 contain legal conclusions to which no response is

3

required.  To the extent a response is required, Plaintiffs admit that Defendants' Notice Letter included an enclosure purporting to be a "Detailed Factual and Legal Bases for Alvogen's Certification That It Will Not Infringe Any Valid or Enforceable Claim of [the patents in suit]." Plaintiffs otherwise deny the allegations of paragraph 16 of Alvogen's counterclaims.

17.    Plaintiffs admit that Plaintiffs filed the above-captioned action against Defendants, including Alvogen, for infringement of claims of the patents in suit.

18.    Plaintiffs incorporate their responses in each of the preceding paragraphs 1–17 as if set forth herein.

19.    The allegations of paragraph 19 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that Otsuka owns the '057 patent through assignment as recorded by the United States Patent and Trademark Office ("PTO") at Reel 033071, Frame 0910 and that Otsuka is named as the assignee on the face of the '057 patent. Further, Plaintiffs admit that they have the right to enforce the '057 patent and have filed the above-captioned action against Defendants for infringement of at least one claim of the '057 patent. Plaintiffs otherwise deny the allegations of paragraph 19 of Alvogen's counterclaims.

20.    Plaintiffs deny the allegations of paragraph 20 of Alvogen's counterclaims.

21.    Plaintiffs object to Alvogen's attempt to incorporate Defendants' Notice Letter into its counterclaims.  Further, the allegations of paragraph 21 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 21 of Alvogen's counterclaims.

22.    Plaintiffs admit they have asserted that Defendants' Proposed Products infringe one or more claims of the '057 patent in connection with ANDA No. 216913.  Plaintiffs are without sufficient information to admit or deny what "Alvogen believes."  Plaintiffs deny that Alvogen is

entitled to any of the relief it seeks and deny any remaining allegations of paragraph 22 of Alvogen's counterclaims.

23.    Plaintiffs deny the allegations of paragraph 23 of Alvogen's counterclaims.

24.    Plaintiffs admit an actual controversy exists between Alvogen and Plaintiffs regarding infringement of the claims of the '057 patent, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 24 of Alvogen's counterclaims.

25.    Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 25 of Alvogen's counterclaims.

26.    Plaintiffs incorporate their responses in each of the preceding paragraphs 1–25 as if set forth herein.

27.    Plaintiffs admit an actual controversy exists between Alvogen and Plaintiffs regarding infringement of the claims of the '057 patent, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 27 of Alvogen's counterclaims.

28.    Plaintiffs object to Alvogen's attempt to incorporate Defendants' Notice Letter into its counterclaims.  Further, the allegations of paragraph 28 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 28 of Alvogen's counterclaims.

29.    Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 29 of Alvogen's counterclaims.

30.    Plaintiffs incorporate their responses in each of the preceding paragraphs 1–29 as if set forth herein.

31.    The allegations of paragraph 31 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that Otsuka owns the '803 patent through assignment as recorded by the PTO for the '057 patent at Reel 033071, Frame 0910 and that Otsuka is named as the assignee on the face of the '803 patent.  Further, Plaintiffs admit that they have the right to enforce the '803 patent and have filed the above-captioned action against Defendants for infringement of at least one claim of the '803 patent.  Plaintiffs otherwise deny the allegations of paragraph 31 of Alvogen's counterclaims.

32.    Plaintiffs deny the allegations of paragraph 32 of Alvogen's counterclaims.

33.    Plaintiffs object to Alvogen's attempt to incorporate Defendants' Notice Letter into its counterclaims.  Further, the allegations of paragraph 33 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 33 of Alvogen's counterclaims.

34.    Plaintiffs admit they have asserted that Defendants' Proposed Products infringe one or more claims of the '803 patent in connection with ANDA No. 216913.  Plaintiffs are without sufficient information to admit or deny what "Alvogen believes."  Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 34 of Alvogen's counterclaims.

35.    Plaintiffs deny the allegations of paragraph 35 of Alvogen's counterclaims.

36.    Plaintiffs admit an actual controversy exists between Alvogen and Plaintiffs regarding infringement of the claims of the '803 patent, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 36 of Alvogen's counterclaims.

37.    Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any

remaining allegations of paragraph 37 of Alvogen's counterclaims.

38.    Plaintiffs incorporate their responses in each of the preceding paragraphs 1–37 as if set forth herein.

39.    Plaintiffs admit an actual controversy exists between Alvogen and Plaintiffs regarding infringement of the claims of the '803 patent, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 39 of Alvogen's counterclaims.

40.    Plaintiffs object to Alvogen's attempt to incorporate Defendants' Notice Letter into its counterclaims.  Further, the allegations of paragraph 40 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 40 of Alvogen's counterclaims.

41.    Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 41 of Alvogen's counterclaims.

42.    Plaintiffs incorporate their responses in each of the preceding paragraphs 1–41 as if set forth herein.

43.    The allegations of paragraph 43 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that Otsuka owns the '553 patent through assignment as recorded by the PTO for the '057 patent at Reel 033071, Frame 0910 and that Otsuka is named as the assignee on the face of the '553 patent.  Further, Plaintiffs admit that they have the right to enforce the '553 patent and have filed the above-captioned action against Defendants for infringement of at least one claim of the '553 patent.  Plaintiffs otherwise deny the allegations of paragraph 43 of Alvogen's counterclaims.

44.    Plaintiffs deny the allegations of paragraph 44 of Alvogen's counterclaims.

45.    Plaintiffs object to Alvogen's attempt to incorporate Defendants' Notice Letter into its counterclaims.  Further, the allegations of paragraph 45 contain legal conclusions to which no response is required.   To the extent a response is required, Plaintiffs deny the allegations of paragraph 45 of Alvogen's counterclaims.

46.    Plaintiffs admit they have asserted that Defendants' Proposed Products infringe one or more claims of the '553 patent in connection with ANDA No. 216913.  Plaintiffs are without sufficient information to admit or deny what "Alvogen believes."  Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 46 of Alvogen's counterclaims.

47.    Plaintiffs deny the allegations of paragraph 47 of Alvogen's counterclaims.

48.    Plaintiffs admit an actual controversy exists between Alvogen and Plaintiffs regarding infringement of the claims of the '553 patent, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 48 of Alvogen's counterclaims.

49.    Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 49 of Alvogen's counterclaims.

50.    Plaintiffs incorporate their responses in each of the preceding paragraphs 1–49 as if set forth herein.

51.    Plaintiffs admit an actual controversy exists between Alvogen and Plaintiffs regarding infringement of the claims of the '553 patent, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 51 of Alvogen's counterclaims.

52.    Plaintiffs object to Alvogen's attempt to incorporate Defendants' Notice Letter into

its counterclaims. Further, the allegations of paragraph 52 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 52 of Alvogen's counterclaims.

53.     Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 53 of Alvogen's counterclaims.

54.     Plaintiffs incorporate their responses in each of the preceding paragraphs 1–53 as if set forth herein.

55.     The allegations of paragraph 55 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that Otsuka owns the '547 patent through assignment as recorded by the PTO for the '057 patent at Reel 033071, Frame 0910 and that Otsuka is named as the assignee on the face of the '547 patent. Further, Plaintiffs admit that they have the right to enforce the '547 patent and have filed the above-captioned action against Defendants for infringement of at least one claim of the '547 patent. Plaintiffs otherwise deny the allegations of paragraph 55 of Alvogen's counterclaims.

56.     Plaintiffs deny the allegations of paragraph 56 of Alvogen's counterclaims.

57.     Plaintiffs object to Alvogen's attempt to incorporate Defendants' Notice Letter into its counterclaims. Further, the allegations of paragraph 57 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 57 of Alvogen's counterclaims.

58.     Plaintiffs admit they have asserted that Defendants' Proposed Products infringe one or more claims of the '547 patent in connection with ANDA No. 216913. Plaintiffs are without sufficient information to admit or deny what "Alvogen believes." Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 58 of

Alvogen's counterclaims.

59.   Plaintiffs deny the allegations of paragraph 59 of Alvogen's counterclaims.

60.   Plaintiffs admit an actual controversy exists between Alvogen and Plaintiffs regarding infringement of the claims of the '547 patent, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 60 of Alvogen's counterclaims.

61.   Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 61 of Alvogen's counterclaims.

62.   Plaintiffs incorporate their responses in each of the preceding paragraphs 1–61 as if set forth herein.

63.   Plaintiffs admit an actual controversy exists between Alvogen and Plaintiffs regarding infringement of the claims of the '547 patent, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 63 of Alvogen's counterclaims.

64.   Plaintiffs object to Alvogen's attempt to incorporate Defendants' Notice Letter into its counterclaims.  Further, the allegations of paragraph 64 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 64 of Alvogen's counterclaims.

65.   Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 65 of Alvogen's counterclaims.

66.   Plaintiffs incorporate their responses in each of the preceding paragraphs 1–65 as if set forth herein.

67.   The allegations of paragraph 67 contain legal conclusions to which no response is

required.  To the extent a response is required, Plaintiffs admit that Otsuka owns the '087 patent through assignment as recorded by the PTO for the '057 patent at Reel 033071, Frame 0910 and that Otsuka is named as the assignee on the face of the '087 patent.  Further, Plaintiffs admit that they have the right to enforce the '087 patent and have filed the above-captioned action against Defendants for infringement of at least one claim of the '087 patent.  Plaintiffs otherwise deny the allegations of paragraph 67 of Alvogen's counterclaims.

68.     Plaintiffs deny the allegations of paragraph 68 of Alvogen's counterclaims.

69.     Plaintiffs object to Alvogen's attempt to incorporate Defendants' Notice Letter into its counterclaims.  Further, the allegations of paragraph 69 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 69 of Alvogen's counterclaims.

70.     Plaintiffs admit they have asserted that Defendants' Proposed Products infringe one or more claims of the '087 patent in connection with ANDA No. 216913.  Plaintiffs are without sufficient information to admit or deny what "Alvogen believes."  Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 70 of Alvogen's counterclaims.

71.     Plaintiffs deny the allegations of paragraph 71 of Alvogen's counterclaims.

72.     Plaintiffs admit an actual controversy exists between Alvogen and Plaintiffs regarding infringement of the claims of the '087 patent, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 72 of Alvogen's counterclaims.

73.     Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 73 of Alvogen's counterclaims.

74.    Plaintiffs incorporate their responses in each of the preceding paragraphs 1–73 as if set forth herein.

75.    Plaintiffs admit an actual controversy exists between Alvogen and Plaintiffs regarding infringement of the claims of the '087 patent, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 75 of Alvogen's counterclaims.

76.    Plaintiffs object to Alvogen's attempt to incorporate Defendants' Notice Letter into its counterclaims.  Further, the allegations of paragraph 76 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 76 of Alvogen's counterclaims.

77.    Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 77 of Alvogen's counterclaims.

78.    Plaintiffs incorporate their responses in each of the preceding paragraphs 1–77 as if set forth herein.

79.    The allegations of paragraph 79 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that Otsuka owns the '347 patent through assignment as recorded by the PTO at Reel 030905, Frame 0822 and that Otsuka is named as the assignee on the face of the '347 patent.  Further, Plaintiffs admit that they have the right to enforce the '347 patent and have filed the above-captioned action against Defendants for infringement of at least one claim of the '347 patent.  Plaintiffs otherwise deny the allegations of paragraph 79 of Alvogen's counterclaims.

80.    Plaintiffs deny the allegations of paragraph 80 of Alvogen's counterclaims.

81.    Plaintiffs object to Alvogen's attempt to incorporate Defendants' Notice Letter into

its counterclaims.  Further, the allegations of paragraph 81 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 81 of Alvogen's counterclaims.

82.    Plaintiffs admit they have asserted that Defendants' Proposed Products infringe one or more claims of the '347 patent in connection with ANDA No. 216913.  Plaintiffs are without sufficient information to admit or deny what "Alvogen believes."  Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 82 of Alvogen's counterclaims.

83.    Plaintiffs deny the allegations of paragraph 83 of Alvogen's counterclaims.

84.    Plaintiffs admit an actual controversy exists between Alvogen and Plaintiffs regarding infringement of the claims of the '347 patent, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 84 of Alvogen's counterclaims.

85.    Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 85 of Alvogen's counterclaims.

86.    Plaintiffs incorporate their responses in each of the preceding paragraphs 1–85 as if set forth herein.

87.    Plaintiffs admit an actual controversy exists between Alvogen and Plaintiffs regarding infringement of the claims of the '347 patent, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 87 of Alvogen's counterclaims.

88.    Plaintiffs object to Alvogen's attempt to incorporate Defendants' Notice Letter into its counterclaims.  Further, the allegations of paragraph 88 contain legal conclusions to which no

response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 88 of Alvogen's counterclaims.

89.   Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 89 of Alvogen's counterclaims.

90.   The allegations of paragraph 90 contain legal conclusions to which no response is required.  Plaintiffs also object to Alvogen's allegations to the extent they mischaracterize applicable standards.  To the extent a response is required, Plaintiffs admit that 37 C.F.R. § 1.56 states that "[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office[.]"  Plaintiffs deny any remaining allegations of paragraph 90 of Alvogen's counterclaims.

91.   The allegations of paragraph 91 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that the '057 patent, the '803 patent, the '553 patent, the '547 patent and the '087 patent (collectively, "the CYP Patents") are titled "Method of Providing Aripiprazole to Patients Having Impaired CYP2D6 or CYP3A4 Enzyme Function."  Plaintiffs deny any remaining allegations of paragraph 91 of Alvogen's counterclaims

92.   Plaintiffs deny the allegations of paragraph 92 of Alvogen's counterclaims.

93.   Plaintiffs admit that the FDA approved NDA No. 202971 on February 28, 2013. Plaintiffs further admit that the ABILIFY MAINTENA® label issued in February 2013 speaks for itself.  Plaintiffs further admit that U.S. Patent Application No. 14/034,727 was filed at the PTO on September 24, 2013. The remaining allegations of paragraph 93 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the remaining allegations of paragraph 93 of Alvogen's counterclaims.

94.   Plaintiffs admit that the PTO issued each of the CYP Patents and that they are

asserted against Alvogen in this action, but deny the remaining allegations of paragraph 94 of Alvogen's counterclaims.

95.    Plaintiffs admit that on February 3, 2014, the Examiner issued a Non-Final Office Action rejecting the then-pending claims 1-12 and 14-19 in the '727 application under 35 U.S.C. 102(a)(1) and the then-pending claims 1-19 under 35 U.S.C. 103.  Plaintiffs deny the remaining allegations of paragraph 95 of Alvogen's counterclaims.

96.    Plaintiffs admit that Arash Raoufinia was the Director of Clinical Pharmacology, Global Clinical Development at Otsuka Pharmaceutical Development & Commercialization, Inc. and is the named inventor of the CYP Patents.  Plaintiffs deny the remaining allegations of paragraph 96 of Alvogen's counterclaims.

97.    Plaintiffs deny the allegations of paragraph 97 of Alvogen's counterclaims.

98.    The allegations of paragraph 98 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 98 of Alvogen's counterclaims.

99.    The allegations of paragraph 99 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 99 of Alvogen's counterclaims.

100.    Plaintiffs admit that Otsuka filed and the FDA received Otsuka's NDA No. 202971 for Otsuka NDA Products on September 26, 2011.  Ex. 1 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Approval Letter," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 100 of Alvogen's counterclaims.

101.    Ex. 1 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Approval Letter," and Ex. 2 to Alvogen's counterclaims, titled by Alvogen as "Other Action Letters," are

documents that speak for themselves, and Plaintiffs otherwise deny the allegations of paragraph 101 of Alvogen's counterclaims.

102.    Plaintiffs admit that the FDA approved NDA No. 202971 on February 28, 2013.  Ex. 1 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Approval Letter," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 102 of Alvogen's counterclaims.

103.    Plaintiffs deny the allegations of paragraph 103 of Alvogen's counterclaims.

104.    Plaintiffs deny the allegations of paragraph 104 of Alvogen's counterclaims.

105.    Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review" is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 105 of Alvogen's counterclaims.

106.    Ex. 5 to Alvogen's counterclaims, titled by Alvogen as "*Otsuka v. Mylan*, D.I. 246-10" is a document that speaks for itself.  Further, Plaintiffs admit that Mary Hobart was a Rule 30(b)(6) witness for Plaintiffs in *Otsuka Pharma. Co., Ltd., et al. v. Viatris Inc., et al.*, C.A. 22-cv-464-CFC (consolidated).   Plaintiffs deny the remaining allegations of paragraph 106 of Alvogen's counterclaims.

107.    Plaintiffs deny the allegations of paragraph 107 of Alvogen's counterclaims.

108.    Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 108 of Alvogen's counterclaims.

109.    Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 109 of Alvogen's counterclaims.

110.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," including Table 1, is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 110 of Alvogen's counterclaims

111.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," including Table 1, is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 111 of Alvogen's counterclaims.

112.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 112 of Alvogen's counterclaims.

113.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 113 of Alvogen's counterclaims.

114.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 114 of Alvogen's counterclaims.

115.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 115 of Alvogen's counterclaims.

116.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 116 of Alvogen's counterclaims.

117.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the

allegations of paragraph 117 of Alvogen's counterclaims.

118.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 118 of Alvogen's counterclaims.

119.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 119 of Alvogen's counterclaims.

120.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 120 of Alvogen's counterclaims.

121.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 121 of Alvogen's counterclaims.

122.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 122 of Alvogen's counterclaims.

123.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 123 of Alvogen's counterclaims.

124.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 124 of Alvogen's counterclaims.

125.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical

Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 125 of Alvogen's counterclaims.

126.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 126 of Alvogen's counterclaims.

127.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 127 of Alvogen's counterclaims.

128.   Ex. 4 to Alvogen's counterclaims, titled by Alvogen as "Abilify Maintena Clinical Pharmacology Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 128 of Alvogen's counterclaims.

129.   Plaintiffs deny the allegations of paragraph 129 of Alvogen's counterclaims.

130.   Ex. 6 to Alvogen's counterclaims, titled by Alvogen as "Summary Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 130 of Alvogen's counterclaims.

131.   Ex. 7 to Alvogen's counterclaims, titled by Alvogen as "Officer/Employee List," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 131 of Alvogen's counterclaims.

132.   Ex. 8 to Alvogen's counterclaims, titled by Alvogen as "Cross Discipline Team Leader Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 132 of Alvogen's counterclaims.

133.   Ex. 8 to Alvogen's counterclaims, titled by Alvogen as "Cross Discipline Team Leader Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations

of paragraph 133 of Alvogen's counterclaims.

134.   Ex. 8 to Alvogen's counterclaims, titled by Alvogen as "Cross Discipline Team Leader Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 134 of Alvogen's counterclaims.

135.   Ex. 8 to Alvogen's counterclaims, titled by Alvogen as "Cross Discipline Team Leader Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 135 of Alvogen's counterclaims.

136.   Ex. 8 to Alvogen's counterclaims, titled by Alvogen as "Cross Discipline Team Leader Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 136 of Alvogen's counterclaims.

137.   Ex. 8 to Alvogen's counterclaims, titled by Alvogen as "Cross Discipline Team Leader Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 137 of Alvogen's counterclaims.

138.   Ex. 8 to Alvogen's counterclaims, titled by Alvogen as "Cross Discipline Team Leader Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 138 of Alvogen's counterclaims.

139.   Ex. 9 to Alvogen's counterclaims, titled by Alvogen as "Other Review," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 139 of Alvogen's counterclaims.

140.   Ex. 10 to Alvogen's counterclaims, titled by Alvogen as "Administrative and Correspondence Documents," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 140 of Alvogen's counterclaims.

141.   Ex. 10 to Alvogen's counterclaims, titled by Alvogen as "Administrative and

Correspondence Documents," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 141 of Alvogen's counterclaims.

142.  Ex. 10 to Alvogen's counterclaims, titled by Alvogen as "Administrative and Correspondence Documents," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 142 of Alvogen's counterclaims.

143.  Ex. 10 to Alvogen's counterclaims, titled by Alvogen as "Administrative and Correspondence Documents," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 143 of Alvogen's counterclaims.

144.  Plaintiffs admit that Otsuka NDA Products were approved by the FDA on February 28, 2013.  Plaintiffs admit Ex. 11 to Alvogen's counterclaims appears to be the Abilify Maintena® label (Revised 02/2013) available on the FDA website.  Plaintiffs further admit that the "INDICATIONS AND USAGE" section of the Abilify Maintena® label (Revised 02/2013) states "ABILIFY MAINTENA is an atypical antipsychotic indicated for the treatment of schizophrenia." Plaintiffs deny any remaining allegations of paragraph 144 of Alvogen's counterclaims.

145.  Plaintiffs admit that the "DOSAGE AND ADMINISTRATION" section of the Abilify Maintena® label (Revised 02/2013) states "Recommended starting and maintenance dose is 400 mg administered monthly as a single injection."  Plaintiffs deny any remaining allegations of paragraph 145 of Alvogen's counterclaims.

146.  Plaintiffs admit that the Abilify Maintena® label (Revised 02/2013) states, *inter alia*, "Some patients may benefit from a reduction to a 300 mg dose."  Plaintiffs deny any remaining allegations of paragraph 146 of Alvogen's counterclaims.

147.  Plaintiffs admit that the Abilify Maintena® label (Revised 02/2013) includes a table of dose adjustments at page 1.  Plaintiffs deny any remaining allegations of paragraph 147 of

Alvogen's counterclaims.

148.   Plaintiffs deny the allegations of paragraph 148 of Alvogen's counterclaims.

149.   Plaintiffs admit that Alvogen has accurately quoted the language from Section 2.3 of the Abilify Maintena® label (Revised 02/2013) in paragraph 149 of Alvogen's counterclaims. Plaintiffs otherwise deny any remaining allegations of paragraph 149 of Alvogen's counterclaims.

150.   Plaintiffs admit that Alvogen has accurately quoted the language from Section 7.1 of the Abilify Maintena® label (Revised 02/2013) in paragraph 150 of Alvogen's counterclaims. Plaintiffs otherwise deny any remaining allegations of paragraph 150 of Alvogen's counterclaims.

151.   Plaintiffs admit that Alvogen has accurately quoted the language from Section 8.6 of the Abilify Maintena® label (Revised 02/2013) in paragraph 151 of Alvogen's counterclaims. Plaintiffs otherwise deny any remaining allegations of paragraph 151 of Alvogen's counterclaims.

152.   Plaintiffs admit that Alvogen is collectively referring to the '057 patent, '803 patent, '553 patent, '547 patent and '087 patent as the CYP Patents and that the CYP Patents are titled "Method of Providing Aripiprazole to Patients Having Impaired CYP2D6 or CYP3A4 Enzyme Function," but deny any remaining allegations of paragraph 152 of Alvogen's counterclaims.

153.   The allegations of paragraph 153 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that the CYP Patents have an earliest effective filing date of September 24, 2013, but deny the remaining allegations of paragraph 153 of Alvogen's counterclaims.

154.   Plaintiffs admit that the '057 patent is titled "Method of Providing Aripiprazole to Patients Having Impaired CYP2D6 or CYP3A4 Enzyme Function."  Plaintiffs further admit that Ex. 12 to Alvogen's counterclaims appears to be a copy of the '057 patent.

155.   The allegations of paragraph 155 contain legal conclusions to which no response is

required. To the extent a response is required, Plaintiffs admit that Arash Raoufinia is listed as the named inventor on the face of the '057 patent.

156. Plaintiffs admit that the abstract of the '057 patent states "[t]he disclosed embodiments relate to methods of initiating aripiprazole treatment in a patient who is a CYP2D6 poor metabolizer or a CYP3A4 poor metabolizer, or both."

157. Plaintiffs admit that the '057 patent includes Figures 1 and 2. Plaintiffs further admit that Alvogen has accurately excerpted Figure 1 of the '057 patent in paragraph 157 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 157 of Alvogen's counterclaims.

158. Plaintiffs admit that Alvogen has accurately excerpted Figure 2 of the '057 patent in paragraph 158 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 158 of Alvogen's counterclaims.

159. Plaintiffs admit that Alvogen has accurately quoted the '057 patent in paragraph 159 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 159 of Alvogen's counterclaims.

160. Plaintiffs admit that Alvogen has accurately quoted the '057 patent in paragraph 160 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 160 of Alvogen's counterclaims.

161. Plaintiffs admit that Alvogen has accurately quoted the '057 patent in paragraph 161 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 161 of Alvogen's counterclaims.

162. Plaintiffs admit that Alvogen has accurately quoted the '057 patent in paragraph 162 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 162 of

Alvogen's counterclaims.

163.    Plaintiffs admit that Alvogen has accurately quoted the '057 patent in paragraph 163 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 163 of Alvogen's counterclaims.

164.    Plaintiffs admit that Alvogen has accurately quoted the '057 patent in paragraph 164 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 164 of Alvogen's counterclaims.

165.    Plaintiffs admit that Alvogen has accurately quoted the '057 patent in paragraph 165 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 165 of Alvogen's counterclaims.

166.    Plaintiffs admit that U.S. Patent Application No. 14/034,727 ("the '727 application") was filed on September 24, 2013 and issued as the '057 patent on January 7, 2020.

167.    Plaintiffs admit that on September 24, 2013, Applicant filed a Petition to Make Special Under Accelerated Examination Program, signed by Thomas A. Blinka of Cooley LLP, in connection with the '727 application.  Ex. 13 to Alvogen's counterclaims appears to be a copy of Form PTO/SB/28 (07-09) filed on September 24, 2013, in the '727 application, but  Plaintiffs deny any remaining allegations of paragraph 167 of Alvogen's counterclaims.

168.    Plaintiffs admit that on September 24, 2013, Applicant filed the '727 application with 20 claims (1 independent claim and 19 dependent claims).  Ex. 14 to Alvogen's counterclaims appears to be a copy of the claims filed on September 24, 2013.  Plaintiffs admit that Alvogen has accurately quoted claim 1 from the claims filed in the '727 application on September 24, 2013, in paragraph  168 of Alvogen's counterclaims, but Plaintiffs otherwise deny any remaining allegations of paragraph 168 of Alvogen's counterclaims.

169.   Plaintiffs admit that on September 24, 2013, two Declarations (37 CFR 1.63) for Utility or Design Application Using an Application Data Sheet (37 CFR 1.76) were filed in connection with the '727 application.   Plaintiffs further admit that Ex. 15 to Alvogen's counterclaims appears to be a copy of these declarations.

170.   Plaintiffs admit that on September 24, 2013, a "Declaration (37 CFR 1.63) For Utility or Design Application Using and Application Data Sheet (37 CFR 1.76)" signed by Robert McQuade and dated August 29, 2013, was filed in connection with the '727 application, and which stated, *inter alia*, "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.  I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both."  Plaintiffs further admit that Robert McQuade worked at Otsuka Pharmaceutical Development and Commercialization, Inc. Plaintiffs otherwise deny any remaining allegations in paragraph 170 of Alvogen's counterclaims.

171.   Plaintiffs admit that on September 24, 2013, a "Declaration (37 CFR 1.63) For Utility or Design Application Using and Application Data Sheet (37 CFR 1.76)" signed by Arash Raoufinia with the optional date not provided, was filed in connection with the '727 application, and which stated, *inter alia*, "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.  I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both."  Plaintiffs otherwise deny any remaining allegations in paragraph 171 of Alvogen's counterclaims.

172.   Plaintiffs admit that on September 24, 2013, Applicant filed an Information Disclosure Statement, which includes an Information Disclosure Statement Under 37 C.F.R.

§1.97(b) and Form PTO/SB/08a "Information Disclosure Statement by Applicant," in connection with the '727 application.  Plaintiffs admit that the Information Disclosure Statement Under 37 C.F.R. §1.97(b) states "In accordance with the duty of disclosure set forth in 37 C.F.R. §1.56, Applicant(s) hereby submit the following information in conformance with 37 C.F.R. §§1.97 and 1.98."  Ex. 16 to Alvogen's counterclaims appears to be a copy of Form PTO/SB/08a "Information Disclosure Statement by Applicant" that was filed on September 24, 2013.  Plaintiffs deny any remaining allegations of paragraph 172 of Alvogen's counterclaims.

173.  Plaintiffs admit that on September 24, 2013, Applicant filed an Information Disclosure Statement in connection with the '727 application, which included Form PTO/SB/08a "Information Disclosure Statement by Applicant."  Plaintiffs deny any remaining allegations of paragraph 173 of Alvogen's counterclaims.

174.  Plaintiffs admit that on September 24, 2013, Applicant filed an Information Disclosure Statement in connection with the '727 application, which included Form PTO/SB/08a "Information Disclosure Statement by Applicant."  Plaintiffs deny any remaining allegations of paragraph 174 of Alvogen's counterclaims.

175.  Plaintiffs admit that on February 3, 2014, the Examiner issued a Non-Final Office Action in connection with the '727 application.  Ex. 17 to Alvogen's counterclaims appears to be a copy of the February 3, 2014, Non-Final Office Action.

176.  Plaintiffs admit that in the February 3, 2014, Non-Final Office Action, the Examiner rejected the then-pending claims 1-12 and 14-19 in the '727 application under 35 U.S.C. 102(a)(1) as being anticipated by Gopalakrishna et al. (Long-Acting Injectable Aripiprazole: How Might It Fit Into Our Tool Box?, July 10, 2013, Clinical Schizophrenia and Related Psychoses, pages 87-92) ("Gopalakrishna").

177.    Plaintiffs admit that Alvogen has accurately quoted the language from the February 3, 2014, Non-Final Office Action in paragraph 177 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 177 of Alvogen's counterclaims.

178.    Plaintiffs admit that Alvogen has accurately quoted the language from the February 3, 2014, Non-Final Office Action in paragraph 178 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 178 of Alvogen's counterclaims.

179.    Plaintiffs admit that Alvogen has accurately quoted the language from the February 3, 2014, Non-Final Office Action in paragraph 179 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 179 of Alvogen's counterclaims.

180.    Plaintiffs admit that Alvogen has accurately quoted the language from the February 3, 2014, Non-Final Office Action in paragraph 180 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 180 of Alvogen's counterclaims.

181.    Plaintiffs admit that in the February 3, 2014, Non-Final Office Action, the Examiner rejected the then-pending claims 1-19 in the '727 application under 35 U.S.C. 103 as being unpatentable over Gopalakrishna in view of the Abilify label dated February 22, 2012 ("the February 22, 2012 Abilify label"), but otherwise deny any remaining allegations in paragraph 181 of Alvogen's counterclaims.

182.    Plaintiffs admit that Alvogen has accurately quoted the language from the February 3, 2014, Non-Final Office Action in paragraph 182 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 182 of Alvogen's counterclaims.

183.    Plaintiffs admit that Alvogen has accurately quoted the language from the February 3, 2014, Non-Final Office Action in paragraph 183 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 183 of Alvogen's counterclaims.

184.   The allegations of paragraph 184 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 184 of Alvogen's counterclaims.

185.   Plaintiffs admit that on April 3, 2014, Applicant filed an Amendment/Response to Office Action, in connection with the '727 application.  Ex. 18 to Alvogen's counterclaims appears to be a copy of the first page of the Amendment/Response to Office Action that was filed on April 3, 2014 in the '727 application.

186.   Plaintiffs admit that in the April 3, 2014, Amendment/Response to Office Action Applicant amended the claims in the '727 application.  Ex. 19 to Alvogen's counterclaims appears to be a copy of pages 2 through 5 of the Amendment/Response to Office Action that was filed on April 3, 2014, in the '727 application.

187.   Plaintiffs admit that in the April 3, 2014, Amendment/Response to Office Action Applicant stated "Applicants submit the *Gopalakrishna* is not properly prior art."  Ex. 20 to Alvogen's counterclaims appears to be a copy pages 6 through 27 of the Amendment/Response to Office Action that was filed on April 3, 2014, in the '727 application.

188.   Plaintiffs admit that Alvogen has accurately quoted the language from the April 3, 2014, Amendment/Response to Office Action in paragraph 188 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 188 of Alvogen's counterclaims.

189.   Plaintiffs admit that Alvogen has accurately quoted the language from the April 3, 2014, Amendment/Response to Office Action in paragraph 189 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 189 of Alvogen's counterclaims.

190.   Plaintiffs admit that Alvogen has accurately quoted the language from the April 3, 2014, Amendment/Response to Office Action in paragraph 190 of Alvogen's counterclaims, but

otherwise deny any remaining allegations in paragraph 190 of Alvogen's counterclaims.

191.    Plaintiffs admit that Alvogen has accurately quoted the language from the April 3, 2014, Amendment/Response to Office Action in paragraph 191 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 191 of Alvogen's counterclaims.

192.    Plaintiffs admit that Alvogen has accurately quoted the language from the April 3, 2014, Amendment/Response to Office Action in paragraph 192 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 192 of Alvogen's counterclaims.

193.    Plaintiffs admit that Alvogen has accurately quoted the language from the April 3, 2014, Amendment/Response to Office Action in paragraph 193 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 193 of Alvogen's counterclaims.

194.    Plaintiffs admit that Alvogen has accurately quoted the language from the April 3, 2014, Amendment/Response to Office Action in paragraph 194 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 194 of Alvogen's counterclaims.

195.    Plaintiffs admit that Alvogen has accurately quoted the language from the April 3, 2014, Amendment/Response to Office Action in paragraph 195 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 195 of Alvogen's counterclaims.

196.    Plaintiffs admit that on April 3, 2014, Applicant filed the Declaration of Arash Raoufinia, Pharm.D. under 37 C.F.R. § 1.132, signed by Arash Raoufinia and dated April 2, 2014, in connection with the '727 application.  Ex. 21 to Alvogen's counterclaims appears to be a copy of this declaration.  Plaintiffs deny any remaining allegations of paragraph 196 of Alvogen's counterclaims.

197.    Plaintiffs admit that the April 3, 2014, Amendment/Response to Office Action was signed by Thomas A. Blinka of Cooley LLP on April 3, 2014, in connection with the '727

application.    Plaintiffs deny any remaining allegations of paragraph 197 of Alvogen's counterclaims.

198.    Plaintiffs admit that Alvogen has accurately quoted ¶ 1 of the April 3, 2014, Declaration of Arash Raoufinia, Pharm. D. under 37 C.F.R. § 1.132.  Plaintiffs otherwise deny any remaining allegations of paragraph 198 of Alvogen's counterclaims.

199.    Plaintiffs admit that Alvogen has accurately quoted ¶ 2 of the April 3, 2014, Declaration of Arash Raoufinia, Pharm. D. under 37 C.F.R. § 1.132.  Plaintiffs otherwise deny any remaining allegations of paragraph 199 of Alvogen's counterclaims.

200.    Plaintiffs admit that Alvogen has accurately quoted ¶ 3 of the April 3, 2014, Declaration of Arash Raoufinia, Pharm. D. under 37 C.F.R. § 1.132.  Plaintiffs otherwise deny any remaining allegations of paragraph 200 of Alvogen's counterclaims.

201.    Plaintiffs admit that Alvogen has accurately quoted ¶ 7 of the April 3, 2014, Declaration of Arash Raoufinia, Pharm. D. under 37 C.F.R. § 1.132.  Plaintiffs otherwise deny any remaining allegations of paragraph 201 of Alvogen's counterclaims.

202.    Plaintiffs deny the allegations of paragraph 202 of Alvogen's counterclaims.

203.    Plaintiffs admit that Alvogen has accurately quoted ¶ 21 of the April 3, 2014, Declaration of Arash Raoufinia, Pharm. D. under 37 C.F.R. § 1.132.  Plaintiffs otherwise deny any remaining allegations of paragraph 203 of Alvogen's counterclaims.

204.    Plaintiffs admit that on May 8, 2014, the Examiner issued a Final Office Action in connection with the '727 application. Ex. 22 to Alvogen's counterclaims appears to be a copy of this Final Office Action.

205.    Plaintiffs admit that in the May 8, 2014, Final Office Action, the Examiner rejected the then-pending claims 1, 4, 12, 15-16, 19, 22-23 and 27 in the '727 application under 35 U.S.C.

102(a)(1) as being anticipated by Gopalakrishna and that Alvogen has accurately quoted the May 8, 2014, Final Office Action in paragraph 205 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 205 of Alvogen's counterclaims.

206.   Plaintiffs admit that Alvogen has accurately quoted the language from the May 8, 2014, Final Office Action in paragraph 206 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 206 of Alvogen's counterclaims.

207.   Plaintiffs admit that Alvogen has accurately quoted the language from the May 8, 2014, Final Office Action in paragraph 207 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 207 of Alvogen's counterclaims.

208.   Plaintiffs admit that Alvogen has accurately quoted the language from the May 8, 2014, Final Office Action in paragraph 208 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 208 of Alvogen's counterclaims.

209.   Plaintiffs admit that Alvogen has accurately quoted the language from the May 8, 2014, Final Office Action in paragraph 209 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 209 of Alvogen's counterclaims.

210.   Plaintiffs admit that Alvogen has accurately quoted the language from the May 8, 2014, Final Office Action in paragraph 210 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 210 of Alvogen's counterclaims.

211.   Plaintiffs admit that Alvogen has accurately quoted the language from the May 8, 2014, Final Office Action in paragraph 211 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 211 of Alvogen's counterclaims.

212.   Plaintiffs admit that Alvogen has accurately quoted the language from the May 8, 2014, Final Office Action in paragraph 212 of Alvogen's counterclaims, but otherwise deny any

remaining allegations in paragraph 212 of Alvogen's counterclaims.

213.    Plaintiffs admit that Alvogen has accurately quoted the language from the May 8, 2014, Final Office Action in paragraph 213 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 213 of Alvogen's counterclaims.

214.    Plaintiffs admit that Alvogen has accurately quoted the language from the May 8, 2014, Final Office Action in paragraph 214 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 214 of Alvogen's counterclaims.

215.    Plaintiffs admit that Alvogen has accurately quoted the language from the May 8, 2014, Final Office Action in paragraph 215 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 215 of Alvogen's counterclaims.

216.    Plaintiffs admit that Alvogen has accurately quoted the language from the May 8, 2014, Final Office Action in paragraph 216 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 216 of Alvogen's counterclaims.

217.    Plaintiffs admit that in the May 8, 2014 Non-Final Office Action, the Examiner rejected the then-pending claims 1, 4, 12-13, 15-16, 19, 22-23, and 26-30 in the '727 application under 35 U.S.C. 103 as being unpatentable over Gopalakrishna in view of the February 22, 2012 Abilify label and that Alvogen has accurately quoted the May 8, 2014, Final Office Action in paragraph 217 of Alvogen's counterclaims. Plaintiffs otherwise deny any remaining allegations in paragraph 217 of Alvogen's counterclaims

218.    Plaintiffs admit that Alvogen has accurately quoted the language from the May 8, 2014, Final Office Action in paragraph 218 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 218 of Alvogen's counterclaims.

219.    Plaintiffs admit that on May 30, 2014, Applicant filed a Power by Assignee and

Statement under 37 C.F.R. § 3.73(b), signed by Seiji Ejima, Director, IP Department of Otsuka Pharmaceutical Co., Ltd., in connection with the '727 application. Plaintiffs further admit that Seiji Ejima was Director, IP Department of Otsuka Pharmaceutical Co., Ltd. Ex. 23 to Alvogen's counterclaims appears to be a copy of the Power by Assignee and Statement under 37 C.F.R. § 3.73(b).

220.   Plaintiffs admit that on November 7, 2014, Applicant filed a Request to Correct Inventorship under 37 C.F.R. § 1.48(a) was filed in connection with the '727 application, which states "Applicants respectfully request correction of inventorship in the above-identified application by removing Robert McQuade as an inventor. It is respectfully submitted that Robert McQuade was erroneously named as an inventor without deceptive intention on his part.". Ex. 24 to Alvogen's counterclaims appears to be a copy of the Request to Correct Inventorship under 37 C.F.R. § 1.48(a).

221.   Plaintiffs admit that on June 8, 2015, Applicant filed a Request for Continued Examination in connection with the '727 application. Ex. 25 to Alvogen's counterclaims appears to be a copy of the Form PTO/SB/30 (07-14) Request for Continued Examination (RCE) Transmittal filed on June 8, 2015.

222.   Plaintiffs admit that on June 8, 2015 Applicant filed an Amendment/Response to Office Action and in the June 8, 2015, Amendment/Response to Office Action, Applicant canceled the then-pending claims 1-30 and added 30 new claims in connection with the '727 application. Ex. 26 to Alvogen's counterclaims appears to be a copy of pages 2 through 5 of the June 8, 2015, Amendment/Response to Office Action.

223.   Plaintiffs admit that on June 8, 2015, Applicant filed an Amendment/Response to the May 18, 2014, Final Office Action, in connection with the '727 application. Plaintiffs further

admit that Alvogen has accurately quoted the language from the June 8, 2015, Amendment/Response to Office Action in paragraph 223 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 223 of Alvogen's counterclaims. Ex. 27 to Alvogen's counterclaims appears to be pages 6 through 19 of the June 8, 2015, Amendment/Response to Office Action.

224.    Plaintiffs admit that Alvogen has accurately quoted the language from the June 8, 2015, Amendment/Response to Office Action in paragraph 224 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 224 of Alvogen's counterclaims.

225.    Plaintiffs admit that Alvogen has accurately quoted the language from the June 8, 2015, Amendment/Response to Office Action in paragraph 225 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 225 of Alvogen's counterclaims.

226.    Plaintiffs admit that Alvogen has accurately quoted the language from the June 8, 2015, Amendment/Response to Office Action in paragraph 226 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 226 of Alvogen's counterclaims.

227.    Plaintiffs admit that on June 11, 2015 an Applicant-Initiated Interview Summary was issued in connection with the '727 application that states June 1, 2015 as the date of the interview.  Plaintiffs further admit that Alvogen has accurately quoted the language from the June 11, 2015, Applicant-Initiated Interview Summary in paragraph 227 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 227 of Alvogen's counterclaims.  Ex. 28 to Alvogen's counterclaims appears to be a copy of the June 11, 2015, Applicant-Initiated Interview Summary.

228.    Plaintiffs admit that on November 3, 2015, the Examiner issued a Non-Final Office Action in connection with the '727 application and rejected all of the then-pending claims.  Ex. 29

to Alvogen's counterclaims appears to be a copy of the November 3, 2015, Non-Final Office Action. Plaintiffs deny any remaining allegations of paragraph 228 of Alvogen's counterclaims.

229. Plaintiffs admit that on January 4, 2016, Applicant filed an Amendment/Response to the Non-Final Office Action in connection with the '727 application. Plaintiffs further admit that Ex. 30 to Alvogen's counterclaims appears to be a copy of the first page of the January 4, 2016, Amendment/Response to the Non-Final Office Action.

230. Plaintiffs admit that an interview was held on January 26, 2016 and that on February 11, 2016, the Office issued an Applicant-Initiated Interview Summary in connection with the '727 application, which summary indicates *inter alia* that "prior art of record" was discussed. Ex. 31 to Alvogen's counterclaims appears to be a copy of the February 11, 2016, Applicant-Initiated Interview Summary.

231. Plaintiffs admit that on February 17, 2016, Applicant filed a Supplemental Response to Office Action, which includes Applicant's Remarks, in connection with the '727 application. Ex. 32 to Alvogen's counterclaims appears to be pages 2 through 7 of the February 17, 2016, Supplemental Response to Office Action.

232. Plaintiffs admit that on February 17, 2016, a Supplemental Declaration Under 37 C.F.R. § 1.132 of Arash Raoufinia, Pharm.D. was filed in connection with the '727 application. Ex. 33 to Alvogen's counterclaims appears to be a copy of the February 17, 2016, Supplemental Declaration of Arash Raoufinia, Pharm.D. under 37 C.F.R. § 1.132.

233. Plaintiffs admit that on February 17, 2016, Applicant filed Supplemental Response to Office Action, which included Applicant's Remarks and was signed by Raymond S. Parker, III of Cooley LLP, in connection with the '727 application, but Plaintiffs otherwise deny the remaining allegations of paragraph 233 of Alvogen's counterclaims.

234. Plaintiffs admit that Alvogen has accurately quoted *inter alia* ¶ 2 of the February 17, 2016, Supplemental Declaration of Arash Raoufinia, Pharm. D. under 37 C.F.R. § 1.132, but otherwise deny any remaining allegations in paragraph 234 of Alvogen's counterclaims.

235. Plaintiffs admit that Alvogen has accurately quoted ¶ 4 of the February 17, 2016, Supplemental Declaration of Arash Raoufinia, Pharm. D. under 37 C.F.R. § 1.132, but otherwise deny any remaining allegations in paragraph 235 of Alvogen's counterclaims.

236. Plaintiffs admit that Alvogen has accurately quoted ¶ 3 of the February 17, 2016, Supplemental Declaration of Arash Raoufinia, Pharm. D. under 37 C.F.R. § 1.132, but otherwise deny any remaining allegations in paragraph 236 of Alvogen's counterclaims.

237. Plaintiffs admit that Alvogen has accurately quoted ¶ 5 of the February 17, 2016, Supplemental Declaration of Arash Raoufinia, Pharm. D. under 37 C.F.R. § 1.132, but otherwise deny any remaining allegations in paragraph 237 of Alvogen's counterclaims.

238. Plaintiffs admit that Alvogen has accurately quoted ¶ 5 of the February 17, 2016, Supplemental Declaration of Arash Raoufinia, Pharm. D. under 37 C.F.R. § 1.132, but otherwise deny any remaining allegations in paragraph 238 of Alvogen's counterclaims.

239. Plaintiffs admit that on March 10, 2016, the Examiner issued a Final Office Action in connection with the '727 application. Ex. 34 to Alvogen's counterclaims appears to be a copy of the March 10, 2016, Final Office Action.

240. Plaintiffs admit that on June 10, 2016, Applicant filed a Notice of Appeal to the Patent Trial and Appeal Board in connection with the '727 application. Ex. 35 to Alvogen's counterclaims appears to be a copy of Form PTO/AIA/31 (03-14) filed on June 10, 2016 in the '727 application.

241. Plaintiffs admit that on March 12, 2019, the Patent Trial and Appeal Board issued a

decision in Appeal 2017-009010, which reversed the Examiner, in connection with the '727 application. Ex. 36 to Alvogen's counterclaims appears to be a copy of this decision. Plaintiffs otherwise deny any remaining allegations of paragraph 241 of Alvogen's counterclaims.

242. Plaintiffs admit that on August 30, 2019, Applicant filed a Power of Attorney in connection with the '727 application. Plaintiffs admit that the Applicant revoked the Power of Attorney for the '727 application to Cooley LLP (Thomas A. Blinka) and the Power of Attorney was changed to Finnegan, Henderson, Farabow, Garrett & Dunner LLP (Adriana L. Burgy). Ex. 37 to Alvogen's counterclaims appears to be a copy of the Power of Attorney, but Plaintiffs deny any remaining allegations of paragraph 242 of Alvogen's counterclaims.

243. Plaintiffs admit that on September 17, 2019, the Examiner issued a Notice of Allowance in connection with the '727 application. Ex. 38 to Alvogen's counterclaims appears to be a copy of the September 17, 2019, Notice of Allowance.

244. Plaintiffs admit that the '057 patent has 20 claims (3 independent claims and 17 dependent claims).

245. Plaintiffs admit that independent claim 1 of the '057 patent states:

> **1.** A method of initiating systemic aripiprazole treatment in a patient, comprising initially intramuscularly administering to the patient 66% to 75% of a 300 or 400 mg weight equivalent dose of aripiprazole in the form of a long-acting drug-containing suspension which systemically releases aripiprazole, wherein the dose is released over a period of about one month, and wherein the patient is a CYP2D6 and CYP3A4 extensive metabolizer and is concomitantly administered a strong CYP2D6 inhibitor or a strong CYP3A4 inhibitor.

Plaintiffs otherwise deny any remaining allegations of paragraph 245 of Alvogen's counterclaims.

246.  Plaintiffs admit that independent claim 9 of the '057 patent states:

> **9.** A method of initiating systemic aripiprazole treatment in a patient, comprising initially intramuscularly administering to the patient 75% of a 300 or 400 mg weight equivalent dose of aripiprazole in the form of a long-acting drug-containing suspension which systemically releases aripiprazole, wherein the dose is released over a period of about one month, and wherein the patient is a CYP2D6 poor metabolizer not concomitantly administered a strong CYP3A4 inhibitor or a strong CYP2D6 inhibitor.

Plaintiffs otherwise deny any remaining allegations of paragraph 246 of Alvogen's counterclaims.

247.  Plaintiffs admit that independent claim 15 of the '057 patent states:

> **15.** A method of initiating systemic aripiprazole treatment in a patient, comprising initially intramuscularly administering to the patient 53% of a 300 mg or 50% of a 400 mg weight equivalent dose of aripiprazole in the form of a long-acting drug-containing suspension which systemically releases aripiprazole, wherein the dose is released over a period of about one month, and wherein the patient is a CYP2D6 and CYP3A4 extensive metabolizer and is concomitantly administered a strong CYP2D6 inhibitor and a strong CYP3A4 inhibitor.

Plaintiffs otherwise deny any remaining allegations of paragraph 247 of Alvogen's counterclaims.

248.  Plaintiffs admit that the '803 patent is titled "Method of Providing Aripiprazole to Patients Having Impaired CYP2D6 or CYP3A4 Enzyme Function."  Plaintiffs further admit that Ex. 39 to Alvogen's counterclaims appears to be a copy of the '803 patent.

249.  The allegations of paragraph 249 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that Arash Raoufinia is listed as the named inventor on the face of the '803 patent.

250.  Plaintiffs admit that the abstract of the '803 patent states "[t]he disclosed embodiments relate to methods of initiating aripiprazole treatment in a patient who is a CYP2D6 poor metabolizer or a CYP3A4 poor metabolizer, or both."

251.   Plaintiffs admit that the '803 patent includes Figures 1 and 2.  Plaintiffs further admit that Alvogen has accurately excerpted Figure 1 of the '803 patent in paragraph 251 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 251 of Alvogen's counterclaims.

252.   Plaintiffs admit that Alvogen has accurately excerpted Figure 2 of the '803 patent in paragraph 252 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 252 of Alvogen's counterclaims.

253.   The allegations of paragraph 253 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that the '057 patent and the '803 patent share the same title, named inventor, abstract and figures, but deny any remaining allegations of paragraph 253 of Alvogen's counterclaims.

254.   Plaintiffs admit that Alvogen has accurately quoted the language from the '803 patent.  Plaintiffs further admit that the '057 patent and the '803 patent share a specification. Plaintiffs otherwise deny any remaining allegations of paragraph 254 of Alvogen's counterclaims.

255.   Plaintiffs admit that U.S. Patent Application No. 16/710,495 ("the '495 application") was filed on December 11, 2019 and issued as the '803 patent on April 20, 2021.

256.   Plaintiffs admit that on December 11, 2019, a "Declaration (37 CFR 1.63) for Utility or Design Application Using an Application Data Sheet (37 CFR 1.76)" signed by Arash Raoufinia with the optional date not provided, was filed in connection with the '495 application.  Plaintiffs further admit that Ex. 40 to Alvogen's counterclaims appears to be a copy of this declaration. Plaintiffs otherwise deny any remaining allegations of paragraph 256 of Alvogen's counterclaim

257.   Plaintiffs admit that on December 11, 2019, a "Declaration (37 CFR 1.63) for Utility or Design Application Using an Application Data Sheet (37 CFR 1.76)" signed by Arash Raoufinia

with the optional date not provided, was filed in connection with the '495 application, and which stated, *inter alia*, "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.  I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both."  Plaintiffs otherwise deny any remaining allegations in paragraph 257 of Alvogen's counterclaims.

258.    Plaintiffs admit that on August 6, 2020, Applicant filed a Preliminary Amendment, which included an amendment to the claims in the '495 application.  Ex. 41 to Alvogen's counterclaims appears to be a copy of pages 3 through 7 of the Preliminary Amendment that was filed August 6, 2020, in the '495 application.

259.    Plaintiffs admit that Adriana L. Burgy signed the Preliminary Amendment dated August 6, 2020, that was filed in connection with the '495 application.  Plaintiffs admit that Alvogen has accurately quoted the language from the August 6, 2020, Preliminary Amendment in paragraph 259 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 259 of Alvogen's counterclaims.  Ex. 42 to Alvogen's counterclaims appears to be a copy of page 8 of the Preliminary Amendment that was filed August 6, 2020, in the '495 application.

260.    Plaintiffs admit that on August 24, 2020, Applicant filed a "Power of Attorney by Applicant," signed by Masaaki Sobe, Director of Intellectual Property Department, and dated April 16, 2020, in connection with the '495 application.  Ex. 43 to Alvogen's counterclaims appears to be a copy of the August 24, 2020, Power of Attorney by Applicant.

261.    Plaintiffs admit that on December 24, 2020, a Notice of Allowance and Fee(s) Due was issued in connection with the '495 application.  Ex. 44 to Alvogen's counterclaims appears to

be a copy of this Notice of Allowance and Fee(s) Due.

262.    Plaintiffs admit that Alvogen has accurately quoted the language from the December 24, 2020, Notice of Allowance and Fee(s) Due in paragraph 262 of Alvogen's counterclaims. Plaintiffs otherwise deny any remaining allegations of paragraph 262 of Alvogen's counterclaims.

263.    Plaintiffs admit that on December 24, 2020, a "Notice of References Cited" and "Search Notes" were issued by the Examiner in connection with the '495 application. Plaintiffs further admit that Alvogen has accurately quoted the language from the December 24, 2020, "Search Notes" in paragraph 263 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 263 of Alvogen's counterclaims. Ex. 45 to Alvogen's counterclaims appears to be a copy of the December 24, 2020, "Notice of References Cited" and "Search Notes."

264.    Plaintiffs admit that on February 8, 2021, an Examiner's Amendment was issued in connection with the '495 application and which stated, *inter alia*, "An Examiner's amendment to the record appears below because a claim numbered as "21" appears twice." Ex. 46 to Alvogen's counterclaims appears to be a copy of this February 8, 2021, Examiner's Amendment. Plaintiffs otherwise deny any remaining allegations of paragraph 264 of Alvogen's counterclaims.

265.    Plaintiffs admit that on March 3, 2021, a Corrected Notice of Allowability was issued in connection with the '495 application. Ex. 47 to Alvogen's counterclaims appears to be a copy of this March 3, 2021, Corrected Notice of Allowability.

266.    Plaintiffs deny the allegations of paragraph 266 of Alvogen's counterclaims. Ex. 48 to Alvogen's counterclaims appears to be a copy of the Issue Notification issued in connection with the '495 application on March 31, 2021.

267.    Plaintiffs admit that the '803 patent has 26 claims (6 independent claims and 20

dependent claims).

268.   Plaintiffs admit that independent claim 1 of the '803 patent states:

> **1.** A method of treating schizophrenia in a patient comprising:
> intramuscularly administering to the patient a long-acting suspension of an adjusted dose of aripiprazole of about 300 mg or of aripiprazole prodrug of about 441 mg, wherein the dose is systemically released over a period of about one month, and the patient is a CYP2D6 poor metabolizer.

Plaintiffs otherwise deny any remaining allegations of paragraph 268 of Alvogen's counterclaims.

269.   Plaintiffs admit that independent claim 19 of the '803 patent states:

> **19.** A method of treating schizophrenia in a patient comprising:
> intramuscularly administering to the patient a long-acting suspension of an adjusted dose of aripiprazole of 198 mg,
> wherein the patient has concomitant use of a strong CYP2D6 or CYP3A4 inhibitor, where an initial recommended dose for a patient with normal CYP2D6 or CYP3A4 enzyme function is 300 mg, and the dose is systemically released over a period of about one month.

Plaintiffs otherwise deny any remaining allegations of paragraph 269 of Alvogen's counterclaims.

270.   Plaintiffs admit that independent claim 23 of the '803 patent states:

> **23.** A method of treating schizophrenia in a patient comprising:
> intramuscularly administering to the patient a long-acting suspension of an adjusted dose of aripiprazole of 159 mg,
> wherein the patient has concomitant use of CYP2D6 and CYP3A4 inhibitors, where an initial recommended dose for a patient with normal CYP2D6 or CYP3A4 enzyme function is 300 mg of aripiprazole, and the dose is systemically released over a period of about one month.

Plaintiffs otherwise deny any remaining allegations of paragraph 270 of Alvogen's counterclaims.

271.   Plaintiffs admit that the '553 patent is titled "Method of Providing Aripiprazole to Patients Having Impaired CYP2D6 or CYP3A4 Enzyme Function."  Plaintiffs further admit that Ex. 49 to Alvogen's counterclaims appears to be a copy of the '553 patent.

272.   The allegations of paragraph 272 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that Arash Raoufinia is listed as the named inventor on the face of the '553 patent.

273.   Plaintiffs admit that the abstract of the '553 patent states "[t]he disclosed embodiments relate to methods of initiating aripiprazole treatment in a patient who is a CYP2D6 poor metabolizer or a CYP3A4 poor metabolizer, or both."

274.   Plaintiffs admit that the '553 patent includes Figures 1 and 2.  Plaintiffs further admit that Alvogen has accurately excerpted Figure 1 of the '553 patent in paragraph 274 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 274 of Alvogen's counterclaims.

275.   Plaintiffs admit that Alvogen has accurately excerpted Figure 2 of the '553 patent in paragraph 275 of Alvogen's counterclaims, but otherwise deny any remaining allegations in

paragraph 275 of Alvogen's counterclaims.

276.    The allegations of paragraph 276 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that the '057 patent, the '803 patent and the '553 patent share the same title, named inventor, abstract and figures, but deny any remaining allegations of paragraph 276 of Alvogen's counterclaims.

277.    Plaintiffs admit that Alvogen has accurately quoted the language from the '553 patent.  Plaintiffs further admit that the '057 patent, the '803 patent and the '553 patent share a specification.  Plaintiffs otherwise deny any remaining allegations of paragraph 277 of Alvogen's counterclaims.

278.    Plaintiffs admit that U.S. Patent Application No. 17/304,610 ("the '610 application") was filed on June 23, 2021, and issued as the '553 patent on October 26, 2021.

279.    Plaintiffs admit that on June 23, 2021, a Declaration (37 CFR 1.63) for Utility or Design Application Using an Application Data Sheet (37 CFR 1.76), signed by Arash Raoufinia, was filed in connection with the '610 application.  Ex. 50 to Alvogen's counterclaims appears to be a copy of the Declaration (37 CFR 1.63) for Utility or Design Application Using an Application Data Sheet (37 CFR 1.76) filed on June 23, 2021.  Plaintiffs otherwise deny any remaining allegations of paragraph 279 of Alvogen's counterclaims.

280.    Plaintiffs admit that on June 23, 2021, a "Declaration (37 CFR 1.63) for Utility or Design Application Using an Application Data Sheet (37 CFR 1.76)" signed by Arash Raoufinia with the optional date not provided, was filed in connection with the '610 application, and which stated, *inter alia*, "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.  I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5)

years, or both." Plaintiffs otherwise deny any remaining allegations of paragraph 280 of Alvogen's counterclaims.

281.    Plaintiffs admit that on June 23, 2021, Applicant filed a Preliminary Amendment, which included an amendment to the claims in the '610 application. Ex. 51 to Alvogen's counterclaims appears to be a copy of pages 3 through 8 of the Preliminary Amendment that was filed June 23, 2021, in the '610 application.

282.    Plaintiffs admit that Alvogen has accurately quoted the language from the June 23, 2021, Preliminary Amendment in paragraph 282 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 282 of Alvogen's counterclaims. Ex. 52 to Alvogen's counterclaims appears to be a copy of page 9 of the Preliminary Amendment that was filed June 23, 2021, in the '610 application.

283.    Plaintiffs admit that an Information Disclosure Statement Under 37 C.F.R. § 1.97(b) was filed in connection with the '610 application on June 23, 2021 and that Alvogen has accurately quoted language from that Information Disclosure Statement Under 37 C.F.R. § 1.97(b) in Alvogen's counterclaim 283, but otherwise deny any remaining allegations in paragraph 283 of Alvogen's counterclaims. Ex. 53 appears to be a copy of the June 23, 2021, Information Disclosure Statement Under 37 C.F.R. § 1.97(b).

284.    Plaintiffs admit that on June 23, 2021, Applicant filed a Power of Attorney by Applicant, signed by Masaaki Sobe, Director of Intellectual Property Department, and dated April 16, 2020, in connection with the '610 application on June 23, 2021. Ex. 54 to Alvogen's counterclaims appears to be a copy of the June 23, 2021 Power of Attorney by Applicant.

285.    Plaintiffs admit that on July 21, 2021 a Notice of Allowance and Fee(s) Due was issued in connection with the '610 application. Ex. 55 to Alvogen's counterclaims appears to be

a copy of this Notice of Allowance and Fee(s) Due.

286.   Plaintiffs admit that Alvogen has accurately quoted the language from the July 21, 2021, Notice of Allowance and Fee(s) Due filed in connection with the '610 application in paragraph 286 of Alvogen's counterclaims, but otherwise deny any remaining allegations of paragraph 286 of Alvogen's counterclaims.

287.   Plaintiffs admit that on July 21, 2021, a "Notice of References Cited" and "Search Notes" were issued by the Examiner in connection with the '610 application.  Plaintiffs further admit that Alvogen has accurately quoted the language from the July 21, 2021, "Search Notes" in paragraph 287 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 287 of Alvogen's counterclaims.  Ex. 56 to Alvogen's counterclaims appears to be a copy of the July 21, 2021, "Notice of References Cited" and "Search Notes."

288.   Plaintiffs admit that on September 2, 2021, Applicant filed an Amendment After Allowance in connection with the '610 application, that claims 27, 28, 42 and 43 were amended and that Alvogen has accurately quoted *inter alia* from the September 2, 2021, Amendment After Allowance in paragraph 288 of Alvogen's counterclaims.  Ex. 57 to Alvogen's counterclaims appears to be a copy of page 1 of the September 2, 2021, Amendment After Allowance; Ex. 58 to Alvogen's counterclaims appears to be a copy of pages 2 through 7 of the September 2, 2021, Amendment After Allowance; and Ex. 59 to Alvogen's counterclaims appears to be a copy of page 8 of the September 2, 2021, Amendment After Allowance.  Plaintiffs otherwise deny any remaining allegations of paragraph 288 of Alvogen's counterclaims.

289.   Plaintiffs admit that Alvogen has accurately quoted a portion of the September 2, 2021, Amendment After Allowance in paragraph 289 of Alvogen's counterclaims, but otherwise deny any remaining allegations of paragraph 289 of Alvogen's counterclaims.

290.    Plaintiffs admit that on September 17, 2021, the Examiner entered the September 2, 2021 Amendment After Allowance.  Ex. 60 to Alvogen's counterclaims appears to be a copy of the September 17, 2021 Response to Rule 312 Communication that issued in the '610 application.

291.    Plaintiffs admit that on October 6, 2021, an Issue Notification issued in connection with the '610 application, which identified the patent number as U.S. Patent No. 11,154,553.  Ex. 61 to Alvogen's counterclaims appears to be a copy of the October 6, 2021 Issue Notification.

292.    Plaintiffs admit that the '553 patent has 30 claims (4 independent claims and 26 dependent claims).

293.    Plaintiffs admit that independent claim 1 of the '553 patent states:

> 1. A method of treating schizophrenia or bipolar I disorder in a patient comprising:
>     intramuscularly administering to the patient a long-acting suspension of an adjusted dose of aripiprazole of 200 mg or 160 mg and co-administering to the patient an oral antipsychotic after a first administration of said adjusted dose of the long acting suspension,
>     wherein the dose is systemically released over a period of about one month, and the patient has concomitant use of CYP2D6 and CYP3A4 inhibitors.

Plaintiffs otherwise deny any remaining allegations of paragraph 293 of Alvogen's counterclaims.

294.  Plaintiffs admit that independent claim 10 of the '553 patent states:

> **10**. A method of treating schizophrenia or bipolar I disorder in a patient comprising:
>> intramuscularly administering to the patient a long-acting suspension of an adjusted dose of aripiprazole of 200 mg or 160 mg and co-administering to the patient an oral antipsychotic after a first administration of said adjusted dose of the long acting suspension,
>> wherein the dose is systemically released over a period of about one month, and the patient has concomitant use of CYP2D6 and CYP3A4 inhibitors,
>> wherein the dose is systemically released over a period of about one month,
>> the oral antipsychotic is administered at least for 14 days after the first administration of the adjusted dose of the long-acting suspension,
>> the oral antipsychotic is 10 mg or 20 mg of aripiprazole, and
>> the step of intramuscularly administering is in the patient's deltoid or gluteal muscle.

Plaintiffs otherwise deny any remaining allegations of paragraph 294 of Alvogen's counterclaims.

295.  Plaintiffs admit that independent claim 16 of the '553 patent states:

> **16**. A method of treating schizophrenia or bipolar I disorder in a patient comprising:
>> intramuscularly administering to the patient a long-acting suspension of an adjusted dose of aripiprazole of 200 mg and co-administering to the patient an oral antipsychotic after a first administration of said adjusted dose of the long-acting suspension,
>> wherein the dose is systemically released over a period of about one month and the patient is a CYP2D6 poor metabolizer concomitantly taking a CYP3A4 inhibitor.

Plaintiffs otherwise deny any remaining allegations of paragraph 295 of Alvogen's counterclaims.

296.    Plaintiffs admit that independent claim 25 of the '553 patent states:

> **25.** A method of treating schizophrenia or bipolar I disorder in a patient comprising:
> intramuscularly administering to the patient a long-acting suspension of an adjusted dose of aripiprazole of 200 mg and co-administering to the patient an oral antipsychotic after a first administration of said adjusted dose of the long-acting suspension,
> wherein the dose is systemically released over a period of about one month,
> the patient is a CYP2D6 poor metabolizer concomitantly taking a CYP3A4 inhibitor,
> the oral antipsychotic is administered at least for 14 days after the first administration of the adjusted dose of the long-acting suspension,
> the oral antipsychotic is 10 mg or 20 mg of aripiprazole, and
> the step of intramuscularly administering is in the patient's deltoid or gluteal muscle.

Plaintiffs otherwise deny any remaining allegations of paragraph 296 of Alvogen's counterclaims.

297.    Plaintiffs admit that the '547 patent is titled "Method of Providing Aripiprazole to Patients Having Impaired CYP2D6 or CYP3A4 Enzyme Function."  Plaintiffs further admit that Ex. 62 to Alvogen's counterclaims appears to be a copy of the '547 patent.

298.    The allegations of paragraph 298 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that Arash Raoufinia is listed as the named inventor on the face of the '547 patent.

299.    Plaintiffs admit that the abstract of the '547 patent states "[t]he disclosed embodiments relate to methods of initiating aripiprazole treatment in a patient who is a CYP2D6 poor metabolizer or a CYP3A4 poor metabolizer, or both."

300.    Plaintiffs admit that the '547 patent includes Figures 1 and 2.  Plaintiffs further admit that Alvogen has accurately excerpted Figure 1 of the '547 patent in paragraph 300 of Alvogen's

counterclaims, but otherwise deny any remaining allegations in paragraph 300 of Alvogen's counterclaims.

301.    Plaintiffs admit that Alvogen has accurately excerpted Figure 2 of the '547 patent in paragraph 301 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 301 of Alvogen's counterclaims.

302.    The allegations of paragraph 302 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that the '057 patent, the '803 patent, the '553 patent and the '547 patent share the same title, named inventor, abstract and figures, but deny any remaining allegations of paragraph 302 of Alvogen's counterclaims.

303.    Plaintiffs admit that Alvogen has accurately quoted the language from the '547 patent.  Plaintiffs further admit that the '057 patent, the '803 patent, the '553 patent and the '547 patent share a specification.  Plaintiffs otherwise deny any remaining allegations of paragraph 303 of Alvogen's counterclaims.

304.    Plaintiffs admit that U.S. Patent Application No. 17/459,221 ("the '221 application") was filed on September 9, 2021, and issued as the '547 patent on May 31, 2022.

305.    Plaintiffs admit that on August 27, 2021, Applicant filed a Power of Attorney by Applicant, signed by Masaaki Sobe, Director of Intellectual Property Department, and dated April 16, 2020, in connection with the '221 application.  Ex. 63 to Alvogen's counterclaims appears to be a copy of the August 24, 2020, Power of Attorney by Applicant.

306.    Plaintiffs admit that on August 27, 2021, a Declaration (37 CFR 1.63) for Utility or Design Application Using an Application Data Sheet (37 CFR 1.76), signed by Arash Raoufinia with the optional date not provided, was filed in connection with the '221 application.  Ex. 64 to Alvogen's counterclaims to be a copy of this declaration.  Plaintiffs otherwise deny any remaining

allegations of paragraph 306 of Alvogen's counterclaims.

307.    Plaintiffs admit that on August 27, 2021, a "Declaration (37 CFR 1.63) for Utility or Design Application Using an Application Data Sheet (37 CFR 1.76)" signed by Arash Raoufinia with the optional date not provided, was filed in connection with the '221 application, and which stated, *inter alia*, "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.  I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both."  Plaintiffs otherwise deny any remaining allegations in paragraph 307 of Alvogen's counterclaims

308.    Plaintiffs admit that on August 27, 2021, an Information Disclosure Statement Under 37 C.F.R. § 1.97(b) was filed in connection with the '221 application and that Alvogen has accurately quoted language from that Information Disclosure Statement Under 37 C.F.R. § 1.97(b) in paragraph 308 of Alvogen's counterclaims.  Ex. 65 appears to be a copy of the August 27, 2021, Information Disclosure Statement Under 37 C.F.R. § 1.97(b). Plaintiffs otherwise deny any remaining allegations of paragraph 308 of Alvogen's counterclaims.

309.    Plaintiffs admit that on August 27, 2021, Applicant filed a Preliminary Amendment, which included an amendment to the claims in the '221 application.  Ex. 66 to Alvogen's counterclaims appears to be a copy of pages 3 through 7 of the Preliminary Amendment that was filed August 27, 2021, in the '221 application.

310.    Plaintiffs admit that Adriana L. Burgy signed the Preliminary Amendment dated August 27, 2021, that was filed in connection with the '221 application. Plaintiffs further admit that Alvogen has accurately quoted the language from the August 27, 2021, Preliminary Amendment in paragraph 310 of Alvogen's counterclaims.  Ex. 67 to Alvogen's counterclaims

appears to be a copy of page 8 of the Preliminary Amendment that was filed August 6, 2020, in the '221 application. Plaintiffs otherwise deny any remaining allegations of paragraph 310 of Alvogen's counterclaims.

311. Plaintiffs admit that on December 17, 2021, the Examiner issued a Non-Final Office Action in connection with the '221 application that stated "Claims 36-44 are in condition for allowance" and rejected pending claims 21-35 under 35 U.S.C. 112(b). Ex. 68 to Alvogen's counterclaims appears to be a copy of the December 17, 2021 Non-Final Office Action. Plaintiffs otherwise deny any remaining allegations of paragraph 311 of Alvogen's counterclaims.

312. Plaintiffs admit the Examiner rejected then-pending claims 21-35 in the '221 application under 35 U.S.C. 112(b) as allegedly being indefinite and that Alvogen has accurately quoted the language from the December 17, 2021, Non-Final Office Action in paragraph 312 of Alvogen's counterclaims. Plaintiffs otherwise deny the remaining allegations of paragraph 312 of Alvogen's counterclaims.

313. Plaintiffs admit that Alvogen has accurately quoted the language from the December 17, 2021, Non-Final Office Action in paragraph 313 of Alvogen's counterclaims but otherwise deny any remaining allegations in paragraph 313 of Alvogen's counterclaims.

314. Plaintiffs admit that on December 17, 2021, "Search Notes" were issued by the Examiner in connection with the '221 application. Plaintiffs further admit that Alvogen has accurately quoted the language from the December 17, 2021, "Search Notes" in paragraph 314 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 314 of Alvogen's counterclaims. Ex. 69 to Alvogen's counterclaims appears to be a copy of the December 17, 2021, "Search Notes."

315. Plaintiffs deny the allegations of paragraph 315 of Alvogen's counterclaims.

316.    Plaintiffs admit that on March 17, 2022, Applicant filed a Reply to Office Action in response to the December 17, 2021, Non-Final Office Action and that Alvogen has accurately quoted language from the March, 17, 2022 Reply to Office Action in paragraph 316 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 316 of Alvogen's counterclaims.  Ex. 70 to Alvogen's counterclaims appears to be a copy of the March 17, 2022 Reply to Office Action.

317.    Plaintiffs admit that on April 4, 2022, the Examiner issued a Notice of Allowance and Fee(s) Due in connection with the '221 application.  Ex. 71 to Alvogen's counterclaims appears to be a copy of the April 4, 2022, Notice of Allowance and Fee(s) Due.

318.    Plaintiffs admit that on May 11, 2022, an Issue Notification issued in connection with the '221 application, which identified the patent number as U.S. Patent No 11,344,547.  Ex. 72 to Alvogen's counterclaims appears to be a copy of the May 11, 2022, Issue Notification.

319.    Plaintiffs admit that the '547 patent has 24 claims (3 independent claims and 21 dependent claims).

320.    Plaintiffs admit that independent claim 1 of the '547 patent states:

> **1.** A method of treating schizophrenia or bipolar I disorder in a patient comprising:
>     intramuscularly administering to a patient a long-acting suspension of an adjusted dose of aripiprazole of 200 mg or 300 mg,
>     wherein the dose is released over a period of about one month, the patient is concomitantly administered a strong CYP2D6 or CYP3A4 inhibitor, and
>     administering of the long-acting suspension is avoided when the patient is taking a CYP3A4 inducer.

Plaintiffs otherwise deny any remaining allegations of paragraph 320 of Alvogen's counterclaims.

321.   Plaintiffs admit that independent claim 7 of the '547 patent states:

> 7. A method of treating schizophrenia or bipolar I disorder in a patient comprising:
>
> intramuscularly administering to a patient a long-acting suspension of an adjusted dose of aripiprazole and co-administering to a patient an oral antipsychotic after a first administration of the adjusted dose of the long-acting suspension,
>
> wherein the adjusted dose is 300 mg or 200 mg when the patient is taking a strong CYP2D6 or CYP3A4 inhibitor,
>
> the adjusted dose is 200 mg or 160 mg when the patient is taking a CYP2D6 and CYP3A4 inhibitor, and administering of the long-acting suspension is avoided when the patient is taking a CYP3A4 inducer.

Plaintiffs otherwise deny any remaining allegations of paragraph 321 of Alvogen's counterclaims.

322.   Plaintiffs admit that the '087 patent is titled "Method of Providing Aripiprazole to Patients Having Impaired CYP2D6 or CYP3A4 Enzyme Function."  Plaintiffs further admit that Ex. 73 to Alvogen's counterclaims appears to be a copy of the '087 patent.

323.   The allegations of paragraph 323 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that Arash Raoufinia is listed as the named inventor on the face of the '087 patent.

324.   Plaintiffs admit that the abstract of the '087 patent states "[t]he disclosed embodiments relate to methods of initiating aripiprazole treatment in a patient who is a CYP2D6 poor metabolizer or a CYP3A4 poor metabolizer, or both."

325.   Plaintiffs admit that the '087 patent includes Figures 1 and 2.  Plaintiffs further admit that Alvogen has accurately excerpted Figure 1 of the '087 patent in paragraph 325 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 325 of Alvogen's counterclaims.

326.    Plaintiffs admit that Alvogen has accurately excerpted Figure 2 of the '087 patent in paragraph 326 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 326 of Alvogen's counterclaims.

327.    The allegations of paragraph 327 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that the '057 patent, the '803 patent, the '553 patent, the '547 patent and the '087 patent share the same title, named inventor, abstract and figures, but deny any remaining allegations of paragraph 327 of Alvogen's counterclaims.

328.    Plaintiffs admit that Alvogen has accurately quoted the language from the '087 patent.  Plaintiffs further admit that the '057 patent, the '803 patent, the '553 patent, the '547 patent and the '087 patent share a specification.  Plaintiffs otherwise deny any remaining allegations of paragraph 328 of Alvogen's counterclaims.

329.    Plaintiffs admit that U.S. Patent Application No. 17/304,606 ("the '606 application") was filed on June 23, 2021, and issued as the '087 patent on August 2, 2022.

330.    Plaintiffs admit that Raymond J. Henley, III, is listed as the Primary Examiner on the face of the '057, '803, '553 and '547 patents and that Theodore R. Howell is listed as the Primary Examiner on the face of the '087 patent, but Plaintiffs otherwise deny the allegations of paragraph 330 of Alvogen's counterclaims.

331.    Plaintiffs admit that on June 23, 2021, Applicant filed a Power of Attorney by Applicant, signed by Masaaki Sobe, Director of Intellectual Property Department, and dated April 16, 2020, in connection with the '606 application.  Ex. 74 to Alvogen's counterclaims appears to be a copy of the June 23, 2021, Power of Attorney by Applicant.

332.    Plaintiffs admit that on June 23, 2021, a Declaration (37 CFR 1.63) for Utility or Design Application Using an Application Data Sheet (37 CFR 1.76), signed by Arash Raoufinia

with the optional date not provided, was filed in connection with the '606 application. Ex. 75 to Alvogen's counterclaims appears to be a copy of this declaration. Plaintiffs otherwise deny any remaining allegations of paragraph 332 of Alvogen's counterclaims.

333.    Plaintiffs admit that on June 23, 2021, Applicant filed a Preliminary Amendment, which included an amendment to the claims in the '606 application.

334.    Plaintiffs admit that Alvogen has accurately quoted the language from the June 23, 2021, Preliminary Amendment in paragraph 334 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 334 of Alvogen's counterclaims. Ex. 76 to Alvogen's counterclaims appears to be a copy of page 9 of the Preliminary Amendment that was filed June 23, 2021 in the '606 application.

335.    Plaintiffs admit that on June 23, 2021, Applicant filed an Information Disclosure Statement Under 37 C.F.R. § 1.97(b) in connection with the '606 application and that Alvogen has accurately quoted language from the June 23, 2021 Information Disclosure Statement Under 37 C.F.R. § 1.97(b) in paragraph 335 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 335 of Alvogen's counterclaims. Ex. 77 to Alvogen's counterclaims appears to be a copy of the June 23, 2021 Information Disclosure Statement Under 37 C.F.R. § 1.97(b).

336.    Plaintiffs admit that on July 19, 2021, the Examiner issued a Non-Final Office Action in connection with the '606 application. Ex. 78 to Alvogen's counterclaims appears to be a copy of the July 19, 2021, Non-Final Office Action.

337.    Plaintiffs admit that Alvogen has accurately quoted language from the July 19, 2021, Non-Final Office Action in paragraph 337 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 337 of Alvogen's counterclaims.

338.    Plaintiffs admit that Alvogen has accurately quoted language from the July 19, 2021, Non-Final Office Action in paragraph 338 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 338 of Alvogen's counterclaims.

339.    Plaintiffs admit that Alvogen has accurately quoted language from the July 19, 2021, Non-Final Office Action in paragraph 339 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 339 of Alvogen's counterclaims.

340.    Plaintiffs admit that Alvogen has accurately quoted language from the July 19, 2021, Non-Final Office Action in paragraph 340 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 340 of Alvogen's counterclaims.

341.    Plaintiffs admit that Alvogen has accurately quoted language from the July 19, 2021, Non-Final Office Action in paragraph 341 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 341 of Alvogen's counterclaims.

342.    Plaintiffs admit that Alvogen has accurately quoted language from the July 19, 2021, Non-Final Office Action in paragraph 342 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 342 of Alvogen's counterclaims.

343.    Plaintiffs admit that Alvogen has accurately quoted language from the July 19, 2021, Non-Final Office Action in paragraph 343 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 343 of Alvogen's counterclaims.

344.    Plaintiffs admit that Alvogen has accurately quoted language from the July 19, 2021, Non-Final Office Action in paragraph 344 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 344 of Alvogen's counterclaims.

345.    Plaintiffs admit that Alvogen has accurately quoted language from the July 19, 2021, Non-Final Office Action in paragraph 345 of Alvogen's counterclaims, but otherwise deny any

remaining allegations in paragraph 345 of Alvogen's counterclaims.

346.    Plaintiffs admit that Alvogen has accurately quoted language from the July 19, 2021, Non-Final Office Action in paragraph 346 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 346 of Alvogen's counterclaims.

347.    Plaintiffs admit that Alvogen has accurately quoted language from the July 19, 2021, Non-Final Office Action in paragraph 347 of Alvogen's counterclaims, but otherwise deny any remaining allegations in paragraph 347 of Alvogen's counterclaims.

348.    Plaintiffs admit that on October 18, 2021, Applicant filed a Terminal Disclaimer to Obviate a Provisional Double Patenting Rejection Over a Pending "Reference" Application and Terminal Disclaimer to Obviate a Double Patenting Rejection Over a "Prior" Patent, which provided terminal disclaimers to application numbers 17/206241 and 17/304610 and to patent numbers 10,980,803 and 10,525,057, in connection with the '606 application.  Ex. 79 to Alvogen's counterclaims appears to be a copy of the October 18, 2021 terminal disclaimer.  Plaintiffs deny any remaining allegations of paragraph 174 of Alvogen's counterclaims.

349.    Plaintiffs admit that on October 18, 2021, an approval of the October 18, 2021 Terminal Disclaimer issued.  Ex. 80 to Alvogen's counterclaims appears to be a copy of the October 18, 2021 approval.

350.    Plaintiffs admit that on October 18, 2021, Applicant filed an Amendment and Response Under 37 C.F.R. 1.111 in reply to the July 19, 2021 Non-Final Office Action.  Ex. 81 to Alvogen's counterclaims appears to be pages 9 through 16 of the October 18, 2021, Amendment and Response Under 37 C.F.R. 1.111.

351.    Plaintiffs admit that the October 18, 2021, Amendment and Response Under 37 C.F.R. 1.111 included amendments to then-pending claims.  Ex. 82 to Alvogen's counterclaims

appears to be pages 2 through 8 of the October 18, 2021, Amendment and Response Under 37 C.F.R. 1.111.

352.   Plaintiffs admit that Alvogen has accurately quoted language from the October 18, 2021, Amendment and Response Under 37 C.F.R. 1.111 in paragraph 352 of Alvogen's counterclaim, but otherwise deny any remaining allegations of paragraph 352 of Alvogen's counterclaims.

353.   Plaintiffs admit that on November 5, 2021, a Notice of Allowance and Fee(s) Due issued in connection with the '606 application.  Ex. 83 to Alvogen's counterclaims appears to be a copy of the November 5, 2021, Notice of Allowance and Fee(s) Due.

354.   Plaintiffs admit that Alvogen has accurately quoted language from the November 5, 2021, Notice of Allowance and Fee(s) Due.  Plaintiffs otherwise deny any remaining allegations of paragraph 354 of Alvogen's counterclaims.

355.   Plaintiffs admit that on March 14, 2022 Applicant filed a Request for Continued Examination (RCE) Transmittal in connection with the '606 application.  Ex. 84 to Alvogen's counterclaims appears to be a copy of the March 14, 2022, Request for Continued Examination (RCE) Transmittal.

356.   Plaintiffs admit that on June 3, 2022, the Examiner issued a Notice of Allowance and Fee(s) Due in connection with the '606 application.  Ex. 85 to Alvogen's counterclaims appears to be a copy of the June 3, 2022, Notice of Allowance and Fee(s) Due.

357.   Plaintiffs admit that on July 13, 2022, an Issue Notification issued in connection with the '606 application, which identified the patent number as U.S. Patent No 11,400,087.  Ex. 86 to Alvogen's counterclaims appears to be a copy of the July 13, 2022, Issue Notification.

358.   Plaintiffs admit that the '087 patent has 30 claims (4 independent claims and 26

dependent claims).

359.   Plaintiffs admit that independent claim 1 of the '087 patent states:

> 1. A method of treating schizophrenia or bipolar I disorder in a patient comprising:
>> intramuscularly administering to the patient a long-acting suspension of an adjusted dose of aripiprazole of about 300 mg and co-administering to the patient an oral antipsychotic after a first administration of said adjusted dose of the long-acting suspension,
>> wherein the dose is systemically released over a period of about one month and the patient is a CYP2D6 poor metabolizer.

Plaintiffs otherwise deny any remaining allegations of paragraph 359 of Alvogen's counterclaims.

360.   Plaintiffs admit that independent claim 10 of the '087 patent states:

> 10. A method of treating schizophrenia or bipolar I disorder in a patient comprising:
>> intramuscularly administering to the patient a long-acting suspension of an adjusted dose of aripiprazole of about 300 mg and co-administering to the patient an oral antipsychotic after a first administration of said adjusted dose of the long-acting suspension,
>> wherein the dose is systemically released over a period of about one month,
>> the patient is a CYP2D6 poor metabolizer,
>> the oral antipsychotic is administered at least for 14 days after the first administration of the adjusted dose of the long-acting suspension,
>> the oral antipsychotic is 10 mg or 20 mg of aripiprazole, and
>> the step of intramuscularly administering is in the patient's deltoid or gluteal muscle.

Plaintiffs otherwise deny any remaining allegations of paragraph 360 of Alvogen's counterclaims.

361.    Plaintiffs admit that independent claim 16 of the '087 patent states:

> **16.** A method of treating schizophrenia or bipolar I disorder in a patient comprising:
> intramuscularly administering to the patient a long-acting suspension of an adjusted dose of aripiprazole of 300 mg or 200 mg and co-administering to the patient an oral antipsychotic after a first administration of said adjusted dose of the long acting suspension,
> wherein the dose is systemically released over a period of about one month, and the patient has concomitant use of a strong CYP2D6 or CYP3A4 inhibitor.

Plaintiffs otherwise deny any remaining allegations of paragraph 361 of Alvogen's counterclaims.

362.    Plaintiffs admit that independent claim 25 of the '087 patent states:

> **25.** A method of treating schizophrenia or bipolar I disorder in a patient comprising:
> intramuscularly administering to the patient a long-acting suspension of an adjusted dose of aripiprazole of 300 mg or 200 mg and co-administering to the patient an oral antipsychotic after a first administration of said adjusted dose of the long acting suspension,
> wherein the dose is systemically released over a period of about one month,
> the patient has concomitant use of a strong CYP2D6 or CYP3A4 inhibitor,
> the oral antipsychotic is administered at least for 14 days after the first administration of the adjusted dose of the long-acting suspension,
> the oral antipsychotic is 10 mg or 20 mg of aripiprazole, and
> the step of intramuscularly administering is in the patient's deltoid or gluteal muscle.

Plaintiffs otherwise deny any remaining allegations of paragraph 362 of Alvogen's counterclaims.

363.    Plaintiffs admit that the '057 patent is listed in the Orange Book in connection with Otsuka NDA Products with a submission date of January 31, 2020.  Ex. 87 to Alvogen's counterclaims, titled by Alvogen as "Orange Book Screenshot," is a document that speaks for

itself, and Plaintiffs otherwise deny the allegations of paragraph 363 of Alvogen's counterclaims.

364.   Plaintiffs admit that the '803 patent is listed in the Orange Book in connection with Otsuka NDA Products with a submission date of May 19, 2021.   Ex. 87 to Alvogen's counterclaims, titled by Alvogen as "Orange Book Screenshot," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 364 of Alvogen's counterclaims.

365.   Plaintiffs admit that the '553 patent is listed in the Orange Book in connection with Otsuka NDA Products with a submission date of November 17, 2021.  Ex. 87 to Alvogen's counterclaims, titled by Alvogen as "Orange Book Screenshot," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 365 of Alvogen's counterclaims.

366.   Plaintiffs admit that the '547 patent is listed in the Orange Book in connection with Otsuka NDA Products with a submission date of June 24, 2022.   Ex. 87 to Alvogen's counterclaims, titled by Alvogen as "Orange Book Screenshot," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 366 of Alvogen's counterclaims.

367.   Plaintiffs admit that the '087 patent is listed in the Orange Book in connection with Otsuka NDA Products with a submission date of August 29, 2022.   Ex. 87 to Alvogen's counterclaims, titled by Alvogen as "Orange Book Screenshot," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 367 of Alvogen's counterclaims.

368.   Plaintiffs object to Alvogen's incorporation by reference of "all relevant pleadings from Otsuka v. Mylan, 22-cv-464-JLH."  Plaintiffs further object to Alvogen's attempt to "rely on Mylan's assertions . . . based on discovery that Defendants do not yet have."  Plaintiffs deny any remaining allegations of paragraph 368 of Alvogen's counterclaims.

369.   Ex. 88 to Alvogen's counterclaims, titled by Alvogen as "Otsuka v. Mylan, D.I. 200," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph

369 of Alvogen's counterclaims.

370.    Ex. 89 to Alvogen's counterclaims, titled by Alvogen as "*Otsuka v. Mylan*, D.I. 204," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 370 of Alvogen's counterclaims.

371.    Ex. 89 to Alvogen's counterclaims, titled by Alvogen as "*Otsuka v. Mylan*, D.I. 204," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 371 of Alvogen's counterclaims.

372.    Ex. 89 to Alvogen's counterclaims, titled by Alvogen as "*Otsuka v. Mylan*, D.I. 204," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 372 of Alvogen's counterclaims.

373.    Plaintiffs deny the allegations of paragraph 373 of Alvogen's counterclaims.

374.    Ex. 90 to Alvogen's counterclaims, titled by Alvogen as "*Otsuka v. Mylan*, D.I. 284," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 374 of Alvogen's counterclaims.

375.    Ex. 90 to Alvogen's counterclaims, titled by Alvogen as "*Otsuka v. Mylan*, D.I. 284," is a document that speaks for itself, and Plaintiffs otherwise deny the allegations of paragraph 375 of Alvogen's counterclaims.

376.    Plaintiffs admit that on September 24, 2013, a Declaration (37 CFR 1.63) for Utility or Design Application Using an Application Data Sheet (37 CFR 1.76), signed by Arash Raoufinia, was filed in connection with the '727 application. Plaintiffs further admit that this declaration states "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application. I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or

both." Plaintiffs otherwise deny any remaining allegations of paragraph 376 of Alvogen's counterclaims.

377.   The allegations of paragraph 377 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 377 of Alvogen's counterclaims.

378.   The allegations of paragraph 378 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 378 of Alvogen's counterclaims.

379.   The allegations of paragraph 379 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 379 of Alvogen's counterclaims.

380.   The allegations of paragraph 380 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 380 of Alvogen's counterclaims.

381.   Plaintiffs deny the allegations of paragraph 381 of Alvogen's counterclaims.

382.   Plaintiffs deny the allegations of paragraph 382 of Alvogen's counterclaims.

383.   The allegations of paragraph 383 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 383 of Alvogen's counterclaims.

384.   The allegations of paragraph 384 contain legal conclusions to which no response is required. To the extent a response is required, the claims of the '057 patent, the '803 patent, that '547 patent and the '087 patent speak for themselves. Plaintiffs deny any remaining allegations of paragraph 384 of Alvogen's counterclaims.

385.   The allegations of paragraph 385 contain legal conclusions to which no response is required.  To the extent a response is required, the claims of the '553 patent speak for themselves.  Plaintiffs deny any remaining allegations of paragraph 385 of Alvogen's counterclaims.

386.   The allegations of paragraph 386 contain legal conclusions to which no response is required.  To the extent a response is required, the claims of the '057 patent, the '803 patent, that '553 patent and the '547 patent speak for themselves.  Plaintiffs deny any remaining allegations of paragraph 386 of Alvogen's counterclaims.

387.   The allegations of paragraph 387 contain legal conclusions to which no response is required.  To the extent a response is required, the claims of the '057 patent, the '803 patent and that '087 patent speak for themselves.  Plaintiffs deny any remaining allegations of paragraph 387 of Alvogen's counterclaims.

388.   The allegations of paragraph 388 contain legal conclusions to which no response is required.  To the extent a response is required, the claims of the '547 patent speak for themselves.  Plaintiffs deny any remaining allegations of paragraph 388 of Alvogen's counterclaims.

389.   The allegations of paragraph 389 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny the allegations of paragraph 389 of Alvogen's counterclaims.

390.   The allegations of paragraph 390 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 390 of Alvogen's counterclaims.

391.   Plaintiffs deny the allegations of paragraph 391 of Alvogen's counterclaims.

392.   Plaintiffs admit that on April 3, 2014, a Declaration of Arash Raoufinia, Pharm. D. under 37 C.F.R. § 1.132, signed by Arash Raoufinia, was filed in connection with the '727

application and states "I also had the responsibility to draft the clinical pharmacology sections related to ABILIFY MAINTENA." Plaintiffs deny any remaining allegations of paragraph 392 of Alvogen's counterclaims.

393. Plaintiffs admit that on April 3, 2014, a Declaration of Arash Raoufinia, Pharm. D. under 37 C.F.R. § 1.132, signed by Arash Raoufinia, was filed in connection with the '727 application. Plaintiffs further admit that on November 7, 2014, Applicant filed a Request to Correct Inventorship under 37 C.F.R. § 1.48(a) in connection with the '727 application. Plaintiffs deny any remaining allegations of paragraph 393 of Alvogen's counterclaims.

394. Plaintiffs deny the allegations of paragraph 394 of Alvogen's counterclaims.

395. Plaintiffs admit that the prosecution history for the '057 patent speaks for itself, but deny any remaining allegations of paragraph 395 of Alvogen's counterclaims.

396. Plaintiffs admit that on February 17, 2016, a Supplemental Declaration Under 37 C.F.R. § 1.132 of Arash Raoufinia, Pharm. D., signed by Arash Raoufinia, was filed in connection with the '727 application. Plaintiffs admit that Alvogen has accurately quoted language from ¶ 5 of the February 17, 2016, Supplemental Declaration of Arash Raoufinia, Pharm. D. under 37 C.F.R. § 1.132. Plaintiffs otherwise deny any remaining allegations of paragraph 396 of Alvogen's counterclaims.

397. The allegations of paragraph 397 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 397 of Alvogen's counterclaims.

398. The allegations of paragraph 398 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 398 of Alvogen's counterclaims.

399.    Plaintiffs admit that on July 19, 2021, the Examiner issued a Non-Final Office Action in connection with the '606 application, which issued as the '087 patent.  Plaintiffs deny any remaining allegations of paragraph 399 of Alvogen's counterclaims.

400.    Plaintiffs admit that on October 18, 2021, Applicant filed an Amendment and Response Under 37 C.F.R. 1.111 in reply to the July 19, 2021 Non-Final Office Action in connection with the '606 application.  Plaintiffs deny any remaining allegations of paragraph 400 of Alvogen's counterclaims.

401.    The allegations of paragraph 401 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 401 of Alvogen's counterclaims.

402.    Plaintiffs deny the allegations of paragraph 402 of Alvogen's counterclaims.

403.    The allegations of paragraph 403 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 403 of Alvogen's counterclaims.

404.    Plaintiffs deny the allegations of paragraph 404 of Alvogen's counterclaims.

405.    The allegations of paragraph 405 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 405 of Alvogen's counterclaims.

406.    The allegations of paragraph 406 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 406 of Alvogen's counterclaims.

407.    The allegations of paragraph 407 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 407 of

Alvogen's counterclaims.

408.    The allegations of paragraph 408 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that the CYP Patents share the same title, named inventor, abstract, figures and specification, but deny any remaining allegations of paragraph 408 of Alvogen's counterclaims.

409.    Plaintiffs admit Information Disclosure Statements Under 37 C.F.R. § 1.97(b) were filed during prosecution of the '803 patent, the '553 patent, the '547 patent and the '087 patent. Those documents speak for themselves, and Plaintiffs deny any remaining allegations of paragraph 409 of Alvogen's counterclaims.

410.    Plaintiffs admit that the Notices of Allowance and Fee(s) Due for the '803 patent, the '553 patent, the '547 patent and the '087 patent are documents that speak for themselves and deny any remaining allegations of paragraph 410 of Alvogen's counterclaims.

411.    Plaintiffs admit that the '087 patent is a continuation of U.S. Patent Application No. 17/206,241, filed on March 19, 2021, which is a continuation of the '495 application (issued as the '803 patent), filed on December 11, 2019, which is a continuation of the '727 application (issued as the '057 patent), filed on September 24, 2013.  Plaintiffs admit that the '547 patent is a continuation of the '610 application (issued as the '553 patent), filed on June 23, 2021, which is a continuation of the U.S. Patent Application No. 17/206,241, filed on March 19, 2021, which is a continuation of the '495 application (issued as the '803 patent), filed on December 11, 2019, which is a continuation of the '727 application (issued as the '057 patent), filed on September 24, 2013. Plaintiffs deny any remaining allegations of paragraph 411 of Alvogen's counterclaims.

412.    Plaintiffs admit that the CYP Patents are listed in the Orange Book in connection with Otsuka NDA Products.  Plaintiffs admit that the Abilify Maintena® label (Revised 02/2013),

which appears to be Ex. 11 to Alvogen's counterclaims, is for Otsuka NDA Products. Gopalakrishna and the Abilify Maintena Clinical Pharmacology Review are documents that speak for themselves.   Plaintiffs deny any remaining allegations of paragraph 412 of Alvogen's counterclaims.

413.   The allegations of paragraph 413 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 413 of Alvogen's counterclaims.

414.   Plaintiffs incorporate their responses in each of the preceding paragraphs 1–413 as if set forth herein.

415.   The allegations of paragraph 415 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 415 of Alvogen's counterclaims.

416.   Plaintiffs admit that Manual of Patent Examining Procedure § 2157 states in part: "Although the AIA eliminated pre-AIA 35 U.S.C. 102(f), the patent laws still require the naming of the inventor of the claimed subject matter. . . . In the rare situation where it is clear that the application does not name the correct inventorship and the applicant has not filed a request to correct inventorship under 37 CFR 1.48, Office personnel should reject the claims under 35 U.S.C. 101 and 35 U.S.C. 115."  Plaintiffs deny any remaining allegations of paragraph 416 of Alvogen's counterclaims.

417.   Plaintiffs admit that 35 U.S.C. § 101 states: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title."  Plaintiffs deny any remaining allegations of paragraph 417 of Alvogen's counterclaims.

418.    Plaintiffs admit that 35 U.S.C. § 115(a) states in part: "An application for patent that is filed under section 111(a) . . . shall include, or be amended to include, the name of the inventor for any invention claimed in the application."  Plaintiffs deny any remaining allegations of paragraph 418 of Alvogen's counterclaims.

419.    The allegations of paragraph 419 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 419 of Alvogen's counterclaims.

420.    The allegations of paragraph 420 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 420 of Alvogen's counterclaims.

421.    The allegations of paragraph 421 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 421 of Alvogen's counterclaims.

422.    The allegations of paragraph 422 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 422 of Alvogen's counterclaims.

423.    The allegations of paragraph 423 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 423 of Alvogen's counterclaims.

424.    Plaintiffs deny the allegations of paragraph 424 of Alvogen's counterclaims.

425.    Plaintiffs deny the allegations of paragraph 425 of Alvogen's counterclaims.

426.    Plaintiffs deny the allegations of paragraph 426 of Alvogen's counterclaims.

427.    Plaintiffs deny the allegations of paragraph 427 of Alvogen's counterclaims.

428.    The allegations of paragraph 428 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 428 of Alvogen's counterclaims.

429.    Plaintiffs deny the allegations of paragraph 429 of Alvogen's counterclaims.

430.    Plaintiffs admit that the '727 application was filed on September 24, 2013 and Arash Raoufinia was listed as a named inventor.  Plaintiffs otherwise deny the allegations of paragraph 430 of Alvogen's counterclaims.

431.    The allegations of paragraph 431 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 431 of Alvogen's counterclaims.

432.    The allegations of paragraph 432 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that the '057 patent issued on January 7, 2020, but deny any remaining allegations of paragraph 432 of Alvogen's counterclaims.

433.    The allegations of paragraph 433 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 433 of Alvogen's counterclaims.

434.    Plaintiffs admit that on September 24, 2013, a Declaration (37 CFR 1.63) for Utility or Design Application Using an Application Data Sheet (37 CFR 1.76), signed by Arash Raoufinia, was filed in connection with the '727 application.  Plaintiffs deny any remaining allegations of paragraph 434 of Alvogen's counterclaims.

435.    Plaintiffs admit that on September 24, 2013, a Declaration (37 CFR 1.63) for Utility or Design Application Using an Application Data Sheet (37 CFR 1.76), signed by Arash Raoufinia, was filed in connection with the '727 application and states "The above-identified application was

made or authorized to be made by me. I believe that I am the original inventor or an original joint inventor of a claimed invention in the application. I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both." Plaintiffs deny any remaining allegations of paragraph 435 of Alvogen's counterclaims.

436. Plaintiffs deny the allegations of paragraph 436 of Alvogen's counterclaims.

437. The allegations of paragraph 437 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 437 of Alvogen's counterclaims.

438. The allegations of paragraph 438 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 438 of Alvogen's counterclaims.

439. The allegations of paragraph 439 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 439 of Alvogen's counterclaims.

440. The allegations of paragraph 440 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 440 of Alvogen's counterclaims.

441. The allegations of paragraph 441 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 441 of Alvogen's counterclaims.

442. The allegations of paragraph 442 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 442 of

Alvogen's counterclaims.

443.    Plaintiffs deny the allegations of paragraph 443 of Alvogen's counterclaims.

444.    Plaintiffs deny the allegations of paragraph 444 of Alvogen's counterclaims.

445.    Plaintiffs deny the allegations of paragraph 445 of Alvogen's counterclaims.

446.    The allegations of paragraph 446 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 446 of Alvogen's counterclaims.

447.    Plaintiffs deny the allegations of paragraph 447 of Alvogen's counterclaims.

448.    The allegations of paragraph 448 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 448 of Alvogen's counterclaims.

449.    The allegations of paragraph 449 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 449 of Alvogen's counterclaims.

450.    The allegations of paragraph 450 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 450 of Alvogen's counterclaims.

451.    The allegations of paragraph 451 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 451 of Alvogen's counterclaims.

452.    The allegations of paragraph 452 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 452 of Alvogen's counterclaims.

453.    The allegations of paragraph 453 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 453 of Alvogen's counterclaims.

454.    The allegations of paragraph 454 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 454 of Alvogen's counterclaims.

455.    The allegations of paragraph 455 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 455 of Alvogen's counterclaims.

456.    The allegations of paragraph 456 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 456 of Alvogen's counterclaims.

457.    The allegations of paragraph 457 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 457 of Alvogen's counterclaims.

458.    The allegations of paragraph 458 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 458 of Alvogen's counterclaims.

459.    The allegations of paragraph 459 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that the '803 patent, the '553 patent, the '547 patent and the '087 patent are documents that speak for themselves.  Plaintiffs deny any remaining allegations of paragraph 459 of Alvogen's counterclaims.

460.    The allegations of paragraph 460 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 460 of Alvogen's counterclaims.

461.    The allegations of paragraph 461 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 461 of Alvogen's counterclaims.

462.    The allegations of paragraph 462 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 462 of Alvogen's counterclaims.

463.    The allegations of paragraph 463 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 463 of Alvogen's counterclaims.

464.    The allegations of paragraph 464 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 464 of Alvogen's counterclaims.

465.    The allegations of paragraph 465 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 465 of Alvogen's counterclaims.

466.    The allegations of paragraph 466 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 466 of Alvogen's counterclaims.

467.    Plaintiffs admit that the Notices of Allowance and Fee(s) Due for the '803 patent, the '553 patent, the '547 patent and the '087 patent are documents that speak for themselves and deny any remaining allegations of paragraph 467 of Alvogen's counterclaims.

468.    Plaintiffs admit that the '087 patent is a continuation of U.S. Patent Application No. 17/206,241, filed on March 19, 2021, which is a continuation of the '495 application (issued as the '803 patent), filed on December 11, 2019, which is a continuation of the '727 application (issued as the '057 patent), filed on September 24, 2013.  Plaintiffs admit that the '547 patent is a continuation of the '610 application (issued as the '553 patent), filed on June 23, 2021, which is a continuation of the U.S. Patent Application No. 17/206,241, filed on March 19, 2021, which is a continuation of the '495 application (issued as the '803 patent), filed on December 11, 2019, which is a continuation of the '727 application (issued as the '057 patent), filed on September 24, 2013.

469.    The allegations of paragraph 469 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 469 of Alvogen's counterclaims.

470.    Plaintiffs incorporate their responses in each of the preceding paragraphs 1–469 as if set forth herein.

471.    The allegations of paragraph 471 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 471 of Alvogen's counterclaims.

472.    The allegations of paragraph 472 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 472 of Alvogen's counterclaims.

473.   The allegations of paragraph 473 contain legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 473 of Alvogen's counterclaims.

474.   Plaintiffs admit an actual controversy exists between Alvogen and Plaintiffs regarding infringement of the claims of the CYP Patents, but deny that Alvogen is entitled to any of the relief it seeks and deny any remaining allegations of paragraph 474 of Alvogen's counterclaims.

## ALVOGEN'S DEMAND FOR JUDGMENT

Plaintiffs deny that Alvogen is entitled to any of the relief sought in its counterclaims or to relief of any kind.

## PLAINTIFFS' REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs deny that Alvogen is entitled to the judgment and relief requested in Alvogen's counterclaims, and respectfully request that this Court enter judgment in Plaintiffs' favor and against Alvogen on the counterclaims set forth above and respectfully request that this court:

A.    Dismiss Alvogen's counterclaims with prejudice;

B.    Deny any of the relief that Alvogen seeks;

C.    Grant Plaintiffs the relief that they request in their complaint; and

D.    Award Plaintiffs such further and additional relief as this Court deems just and proper.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

_____

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Of Counsel:*

James B. Monroe
Erin M. Sommers
Jeanette M. Roorda
Melanie Magdun
A. Sasha Hoyt
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Laura E. Brashear
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700

Dated: August 27, 2025

*Attorneys for Plaintiffs Otsuka Pharmaceutical Co., Ltd. and H. Lundbeck A/S*